J-A13023-20

2020 PA Super 167

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KYLE VO :
:
Appellant : No. 1422 EDA 2019

Appeal from the PCRA Order Entered April 17, 2019
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0001077-2015

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STRASSBURGER, J.*

OPINION BY LAZARUS, J.:                          **FILED JULY 10, 2020**

Kyle Vo appeals from the order, entered in the Court of Common Pleas

of Delaware County, denying his petition for relief filed pursuant to the Post

Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  For the reasons set

forth below, we vacate and remand.

On the night of January 21, 2015, and into the morning of January 22,

2015, Vo, Marguerite Kane, and other students gathered in a dormitory at

West Chester University, and began drinking alcohol.  As the night progressed,

Vo and Kane became increasingly intoxicated.  At one point in the night, Kane

confided to the other students that she was a virgin, and she was waiting to

have sex with someone "very special" or until marriage.

Later that night, Vo sat on Kane's bed and began rubbing her thigh.  At

that point, Kane was intoxicated and had difficulty processing what was

_____

* Retired Senior Judge assigned to the Superior Court.

occurring. Vo then moved Kane's shorts and stuck his finger in Kane's vagina, at which point she felt pain and blacked out. When Kane awoke, she found Vo on top of her with his penis in her vagina. Kane then lost consciousness again, but later awoke. At that point, she realized that Vo was having sex with her again, and again felt pain. Kane never consented to having sexual intercourse with Vo.

Maria Urban, another student who attended the dormitory gathering, testified that she witnessed Vo having sex with Kane that night. Christopher Burke, Vo's roommate at the time, testified that on the morning of January 22, 2015, Vo made corroborating statements about having sex with Kane.

The following day, Kane placed a phone call to Vo under police supervision. During the recorded conversation, Vo made various incriminating statements about his use of a condom on the night in question, as well as his willingness to purchase "Plan B" or some other contraceptive for Kane. On the Commonwealth's motion, the trial court ruled to exclude from evidence some of Kane's statements in the recorded phone call. On April 20, 2016, a jury convicted Vo of rape of an unconscious victim, aggravated indecent assault without consent, sexual assault, indecent assault of an unconscious person, and indecent assault without consent.[1]

On July 18, 2016, the court sentenced Vo to four to ten years' incarceration for his rape of an unconscious victim conviction, a consecutive

---

[1] 18 Pa.C.S. §§ 3121(a)(3), 3125(a)(1), 3124.1, 3126(a)(4), and 3126(a)(1), respectively.

term of two to ten years' incarceration for his aggravated indecent assault conviction, and a consecutive term of five years' probation for his indecent assault of an unconscious person conviction, with no further penalty for his other convictions. The court required Vo to comply with the lifetime registration requirements under the Pennsylvania Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10 *et seq*, though Vo was not deemed to be a sexually violent predator under SORNA.

On July 21, 2016, Vo's trial counsel, Martin P. Mullaney, Esquire, filed a notice of appeal. In Vo's direct appeal, his appellate counsel, Robert J. Donatoni, Esquire, raised the following single claim:

> Whether the trial court erred by not permitting [Vo's trial counsel, Attorney Mullaney,] the opportunity to cross-examine [] Kane about inconsistent statements she made during a wire intercept with [Vo] the afternoon after the incident where such exclusion of evidence violated [Vo's] constitutional due process right to present a full and complete defense under the Fifth, Sixth[,] and Fourteenth Amendments of the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution?

Appellant's Direct Appeal Brief, at 3.

In a two-to-one decision, a three-judge panel of this Court affirmed the trial court's judgment of sentence and held that Vo's alleged error was harmless. **Commonwealth v. Vo**, No. 2327 EDA 2016 (Pa. Super. filed Oct. 16, 2017) (unpublished memorandum). Vo's appellate counsel, Attorney Donatoni, did not file a petition for allowance of appeal seeking further review. Instead, on February 22, 2018, Vo, through Attorney Donatoni, filed a PCRA petition. The PCRA court determined that only one of Vo's four PCRA

- 3 -

allegations—that trial counsel, Attorney Mullaney, may have failed to provide effective assistance in neglecting to advise Vo to testify at trial—merited an evidentiary hearing. The court held a PCRA hearing on September 7, 2018, and, on April 17, 2019, issued an order dismissing Vo's PCRA petition. On May 9, 2019, Attorney Donatoni filed a notice of appeal in this Court. Vo then retained private counsel, and on May 23, 2019, Burton A. Rose, Esquire, entered his appearance.

On appeal, Vo, through Attorney Rose, raises the following five claims:

1. Was [Vo] denied effective assistance of trial counsel by the failure to advance and preserve objections to prosecutorial misconduct in closing argument regarding [Kane's] sexual activity [] that the defense had relied upon to create a reasonable doubt on the issue of consent? Should trial counsel have objected when the prosecutor argued to the jury [Kane's] conduct in kissing [Vo] on the neck, hugging [Vo] around the shoulders and wrapping her legs around [Vo's] waist could be explained as a natural, non-volitional response of a sexual assault victim?

2. Was trial counsel ineffective in failing to call an expert witness to provide testimony to establish that [Kane's] above conduct [] was consistent with someone who was engaged in voluntary sexual contact with [Vo,] and not a person who was so intoxicated that she was acting involuntarily?

3. Should trial counsel have called witnesses to establish that [Vo] had two hickeys on his neck, given to him by [Kane], including photographs of same, which suggested [Kane's] voluntary and conscious participation in sexual activity?

4. Was trial counsel ineffective in failing to cross-examine [Kane] regarding her having sent a text message at 2:36 A.M. on [Vo's] telephone which showed her voluntary and close contact with [Vo] and her lack of intoxication at that critical time?

5. Can the above claims be heard on this PCRA appeal if they were not raised in the PCRA court by prior counsel? Should the case be remanded to the lower court?

Appellant's Brief, 9/6/19, at 3-4.

On June 27, 2019, Attorney Rose filed an application in this Court for a remand for an evidentiary hearing to determine whether trial counsel, Attorney Mullaney, was ineffective for failing to: (1) object to the prosecution's closing argument regarding non-volitional responses; (2) present an expert witness to testify about alcoholic blackouts; (3) cross-examine Kane regarding a text message that was sent from Vo's phone; and (4) present expert testimony and photographs establishing that Kane gave Vo two hickeys on his neck. **See** Appellant's Application for Remand, 6/27/19, at 1-7. Similarly, Vo's remand application claims that Attorney Donatoni was ineffective for failing to raise these issues before the PCRA court; thus, Vo argued, a remand for a hearing on these issues was necessary. **See id.** This Court denied Vo's remand application without prejudice, permitting Vo to raise it again in his brief before this Court, which Vo has done. **See** Appellant's Brief, 9/6/19, Exhibit E.

In **Commonwealth v. Jones**, 815 A.2d 598 (Pa. 2002), our Supreme Court considered claims raised under similar circumstances to those presented here. In **Jones**, the petitioner filed his first PCRA petition *pro se*. The petitioner's attorney then filed an amended petition, which the PCRA court dismissed. After the filing of the petitioner's notice of appeal, a second attorney entered an appearance and filed a brief that contained a purported second amended PCRA petition, which was never actually filed in the PCRA court, and which included sixteen issues for review. The first issue was that

the petitioner's first PCRA counsel was ineffective for failing to raise the succeeding fifteen issues before the appellate court on a collateral appeal. None of the fifteen succeeding claims was raised or preserved in the PCRA proceeding that was the subject of the appeal in that case. Consequently, our Supreme Court ruled that any issues not previously raised were unreviewable. In announcing the judgment of the Court, then-Justice Castille explained:

> Permitting new claims to be raised upon appeal, of course, is contrary to our general appellate practice. However, a recognized exception exists in criminal cases where new counsel represents the defendant on appeal. In those instances, this Court's precedent permits appellate courts to entertain claims that counsel in the trial court was ineffective, notwithstanding that the claims, of necessity, were not raised below. This exception to the general rule of issue preservation is a necessary consequence of this Court's requirement that claims of ineffectiveness must be raised at the earliest possible stage in the proceedings at which counsel whose effectiveness is questioned no longer represents the defendant. Obviously, if new counsel is required to raise claims of predecessor counsel ineffectiveness upon appeal, upon pain of judicial waiver, the appellate court must be prepared to entertain those claims. Thus, as a matter of this Court's appellate jurisprudence, a properly layered claim challenging PCRA counsel's ineffectiveness would not be waived, and can be reviewed on appeal from the denial of the PCRA petition.

> [] There is some obvious tension between the PCRA amendments and our judicial rule requiring certain claims of PCRA counsel ineffectiveness to be raised for the first time on appeal. . . . Furthermore, this Court has noted that the question of the timeliness of a petition under the amended PCRA implicates the jurisdiction of this court to entertain the issue and, thus, the question may be raised by the Court *sua sponte*. Finally, in the non-**Hubbard**[2] context, this Court has declined to entertain new

---

[2] **Commonwealth v. Hubbard**, 372 A.2d 687 (Pa. 1977), which required ineffective assistance of counsel claims be raised when a petitioner obtained

claims that would act to subvert the PCRA's new time and serial petition restrictions:

> *Permitting a PCRA petitioner to append new claims to the appeal already on review would wrongly subvert the time limitations and serial petition restrictions of the PCRA.*
>
> [**Commonwealth v. Bond**, 819 A.2d 33, 52 (Pa. 2002) (citing **Commonwealth v. Lark**, 746 A.2d 585, 587-88 (Pa. 2000)).]
>
> [] [*A*]*ppellant's new and distinct claims were first raised in an appellate brief* filed on November 8, 1999, well over a year after appellant's conviction became final in 1996. As a PCRA matter, then, these issues, not having been raised in the initial and amended petitions below, *should properly be the subject of a second PCRA petition, which would be subject to the time limitation and serial petition restrictions contained in § 9545(b) of the PCRA.* By reaching the merits of brand new claims never presented in the PCRA petition that was actually filed and is at issue in this appeal, this Court arguably employs the **Hubbard** doctrine in an unintended and improper fashion - - *i.e.*, to provide an end-around the General Assembly's unequivocal and jurisdictional restrictions upon serial post-conviction petitions.

**Jones**, 815 A.2d at 608-10 (internal citations, quotations, brackets, footnote omitted; emphasis added).

More recently, in **Commonwealth v. Henkel**, 90 A.3d 16 (Pa. Super. 2014), this Court reviewed whether claims of ineffective assistance of PCRA counsel may be raised for the first time on collateral appeal. Our decision in **Henkel** outlined "the history of the right to collateral review counsel in Pennsylvania and the concomitant right to effective representation." **Id.** at 21. In concluding that ineffective assistance of PCRA counsel claims raised

---

new counsel or those claims were deemed waived, was overturned in **Commonwealth v. Grant**, 813 A.2d 726, 738 (Pa. 2002).

for the first time on appeal are unreviewable because they were not previously raised before the PCRA court, we stated:

> The Pennsylvania Supreme Court[,] in [**Commonwealth v. Jette**, 23 A.3d 1032 (Pa. 2011),] held that claims of PCRA counsel ineffectiveness cannot be leveled for the first time on appeal, stating:
>
>> we find that Appellee's argument that in the PCRA context, given its serial petition and time-bar restrictions, he "must raise all claims of ineffective assistance of counsel at this stage ... or forever waive those claims," Appellee's brief at 9, is contrary to this Court's recent jurisprudence, which we realize was decided after the panel issued its decision in this case. **See Commonwealth v. Colavita**, [] 993 A.2d 874, 893 n.12 (2010) (unanimous opinion) ("claims of PCRA counsel ineffectiveness may not be raised for the first time at the direct appeal level, much less at the discretionary appeal level.") (citing **Commonwealth v. Pitts**, [] 981 A.2d 875, 880 n.4 (2009)). The waiver of such claims, however, is not a foregone conclusion. While difficult, the filing of a subsequent timely PCRA petition is possible, and in situations where an exception pursuant to §9545(b)(1)(i-iii) can be established[,] *a second petition filed beyond the one-year time bar may be pursued. Moreover, if an appellant remains adamant that the claims foregone by counsel provide the better chance for success, he can avoid the potential loss of those claims by timely exercising his desire to self-represent or retain private counsel prior to the appeal.*
>
> **Jette**, **supra** at 1044 n.14[ (emphasis added).]
>
> As noted, in **Jette**[,] the PCRA court did not file a notice of intent to dismiss because it held a hearing. However, the **Jette** Court did not distinguish **Pitts** on that ground and signaled that **Colavita** was binding precedent on the issue of whether a claim of PCRA counsel ineffectiveness could be raised for the first time on appeal.

**Henkel**, **supra** at 27-28. Also, with regard to the filing of a notice of appeal in this Court, we have held that "absent recognition of a constitutional right

to effective collateral review counsel,[3] claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter." ***Commonwealth v. Ford***, 44 A.3d 1190, 1201 (Pa. Super. 2012). ***See also Commonwealth v. Grant***, 813 A.2d 726, 738 (Pa. 2002) (in overruling ***Hubbard*** rule requiring ineffective assistance of counsel claims be raised when petitioner obtains new counsel or those claims will be deemed waived, Supreme Court held that, "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review. Thus, any ineffectiveness claim will be waived only after a petitioner has had the opportunity to raise that claim on collateral review and has failed to avail himself of that opportunity.")

Here, Vo's PCRA petition included four layered ineffectiveness of trial counsel claims: (1) failure to call Dr. David Manion as an expert witness on hickeys; (2) failure to introduce Kane's prior statements; (3) failure to

---

[3] Our Supreme Court has previously stated,

> [although] a PCRA petitioner does not have a Sixth Amendment right to assistance of counsel during collateral review, this Commonwealth, by way of procedural rule, provides for the appointment of counsel during a [petitioner's] first petition for post[-]conviction relief. Pursuant to our procedural rule, not only does a PCRA petitioner have the "right" to counsel, but also he has the "right" to effective assistance of counsel. The guidance and representation of an attorney during collateral review should assure that meritorious legal issues are recognized and addressed, and that meritless claims are foregone.

***Commonwealth v. Haag***, 809 A.2d 271, 282-83 (Pa. 2002) (internal citations and quotation marks omitted).

introduce evidence on constitutional grounds; and (4) failure to advise Vo of his right to testify. On appeal, Vo abandons all but the first claim raised in his petition, and, instead, raises four additional ineffectiveness claims. The four additional claims are: (1) failing to object to the prosecutor's closing argument; (2) failing to present an expert witness, Dr. Elliot Atkins, about alcoholic blackouts; (3) failing to cross-examine Kane about a text message; and (4) a request for a remand for a second evidentiary hearing. Similar to the PCRA petitioner in *Jones*, Vo's four new claims were first raised in his appellate brief, which he filed on September 6, 2019. Vo raises these claims well over one year after his conviction became final in 2017. Consequently, these claims are properly the subject of *a second PCRA petition.* *See Jones*, *supra*. Thus, these claims cannot be reviewed by this Court in the instant appeal—a review of Vo's *first PCRA petition*.

Vo's brief attempts to distinguish his case from *Pitts* and *Ford*, claiming he had no prior opportunity to raise these ineffective assistance of counsel claims before the trial court. He reasons further that because there was no notice pursuant to either Pa.R.Crim.P. 907 or a *Turner*/*Finley*[2] letter, he was not afforded an opportunity to respond. *See* Appellant's Brief, at 20. Vo concludes that,

---

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) (established procedure for withdrawal of court-appointed counsel in collateral attacks on criminal convictions); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc) (same).

if [Vo's] claims of PCRA counsel ineffectiveness were deemed waived because they were not raised at the PCRA level, such a result would render any effective enforcement of the *rule-based right to effective PCRA counsel* a nullity because then there would be no state–level redress for deficient PCRA counsel's performance.

*Id.* at 22 (emphasis added).

Indeed, following the PCRA court's denial of his petition, Vo filed a notice of appeal in this Court, albeit through prior counsel, Attorney Donatoni. Contrary to Vo's claims, Vo *did* have an opportunity to raise these ineffective assistance of counsel claims by "timely exercising his desire to self-represent or retain private counsel prior to the [PCRA] appeal." *See Jette*, *supra*. Rather, Vo elected to remain represented by Attorney Donatoni throughout the pendency of his direct appeal and throughout the trial court's PCRA proceedings. Also, as we have previously noted in *Henkel*, "the *Jette* Court [] signaled that *Colavita*[, a unanimous opinion,] was binding precedent on the issue of whether a claim of PCRA counsel ineffectiveness could be raised for the first time on appeal." *Henkel*, 90 A.3d at 28. We then stated that our Supreme Court found that, "a PCRA petitioner cannot assert claims of PCRA counsel ineffectiveness for the first time on appeal, regardless of whether a [Pa.R.Crim.P. 907] or 909 notice is involved." *Id.* Here, we do not find Vo's distinguishing of *Ford* and *Pitts* persuasive. Rather, we will continue to follow the holdings of *Ford*, *Colavita*, and *Henkel*, *supra*.

Vo also claims that, because he did not receive notice of the PCRA court's intent to dismiss his petition, pursuant to Pa.R.Crim.P. 907, he is entitled to a remand. *See* Appellant's Brief, at 22. We agree, in part. Vo

relies on our decision in **Commonwealth v. Rykard**, 55 A.3d 1177 (Pa. Super. 2012), for the proposition that,

> the purpose of [] Rule 907 [n]otice is to allow the [p]etitioner an opportunity to correct any material defects in his submission to the PCRA court [and] the petitioner's response to the Rule 907 [n]otice is his opportunity to object to the dismissal and to alert the PCRA court of an error that could be corrected and to object to counsel's effectiveness at the PCRA level.

Appellant's Brief, at 22.

Rule 907 of the Pennsylvania Rules of Criminal Procedure provides as follows, in pertinent part:

> Except as provided in Rule 909 for death penalty cases, (1) the judge shall promptly review the [PCRA] petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907. This Court has held that the notice in the predecessor to Rule 907 (former Rule 1507) is mandatory. **See Commonwealth v. Guthrie**, 749 A.2d 502, 503 (Pa. Super. 2000). Further, our Supreme Court previously held that advance notice of intention to dismiss in former Rule 1507 was required "when the PCRA court dismisses the petition without an evidentiary hearing, regardless of whether the petitioner has been permitted to respond

to the Commonwealth's arguments." ***Commonwealth v. Morris***, 684 A.2d 1037, 1046 (Pa. 1996). More recently, we noted that,

> [t]he purpose of a Rule 907 pre-dismissal notice is 'to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects, the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims.' ***Commonwealth v. Rykard***, [] 55 A.3d 1177, 1189 (Pa. Super. 2012)[.] The response to the Rule 907 notice 'is an opportunity for a petitioner and/or his counsel to object to the dismissal and alert the PCRA court of a perceived error, permitting the court to discern the potential for amendment.' ***Id.*** *The response is also the opportunity for the petitioner to object to counsel's effectiveness at the PCRA level.* ***Id.*** When a PCRA court properly issues Rule 907 notice in compliance with the rules of criminal procedure, an appellant is deemed to have sufficient notice of dismissal. ***Commonwealth v. Ousley***, [] 21 A.3d 1238, 1246 (Pa. Super. 2011)[.]

***Commonwealth v. Smith***, 121 A.3d 1049, 1054 (Pa. Super. 2015) (emphasis added). With regard to the timing of the notice, we have held that, "service of any notice of dismissal, whether in the form of a Rule 907 notice by the court, or a ***Turner***/***Finley*** no-merit letter, must occur at least twenty days prior to an official dismissal order." ***Commonwealth v. Hopfer***, 965 A.2d 270, 275 (Pa. Super. 2009). In ***Commonwealth v. Bond***, 630 A.2d 1281 (Pa. Super. 1993), we held that the PCRA court's dismissal without (former Rule 1507) notice did not require a remand where the dismissal occurred more than 20 days after the petitioner received counsel's ***Turner***/***Finley*** letter. In that case, we declined to remand for entry of notice because counsel and the court "scrupulously" followed ***Turner***/***Finley*** procedure. ***Id.*** at 1283.

Here, the PCRA court did not issue Vo notice of its intent to dismiss his PCRA petition without a hearing, as is required pursuant to Rule 907. ***See*** Pa.R.Crim.P. 907(1). Additionally, for reasons beyond our knowledge, our appellate court docket lists Attorney Donatoni as the lead attorney of record, in addition to Attorney Rose's representation. Moreover, our docket reveals that on May 23, 2019, Attorney Rose submitted a letter to this Court entering his appearance as private counsel, and requesting that the name of "former counsel," Attorney Donatoni, be removed. ***See*** Entry of Appearance, 5/23/19, at 1. The circumstances of Attorney Donatoni's termination of representation are unknown to us; we can find no ***Turner***/***Finley*** letter in the record. Because there is no evidence of a ***Turner***/***Finley*** letter and the court did not issue Rule 907 notice, we must vacate and remand.[3] Rule 907 notice gives Vo the opportunity to "alert the PCRA court of a perceived error [and] to object to counsel's effectiveness at the PCRA level." ***See Smith***, ***supra***. Accordingly, we remand for proper issuance of notice of the PCRA court's intent to dismiss Vo's petition, which the trial court shall issue within twenty days of this decision. ***See id.*** Upon receipt of the court's Rule 907 notice, Vo shall have twenty days to file with the PCRA court his reasons for objecting to dismissal of his petition. The PCRA court shall then proceed accordingly. ***See Hopfer***, ***supra***.

---

[3] We order that Attorney Donatoni immediately file a motion in the trial court to withdraw his representation in this matter.

Order vacated.  Case remanded for further proceedings consistent with this decision.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>7/10/20</u>