J-S51004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THEOPHILUS L. BALDWIN | : | |
| | : | |
| Appellant | : | No. 1795 MDA 2019 |

Appeal from the PCRA Order Entered October 3, 2019
In the Court of Common Pleas of Centre County Criminal Division at
No(s):  CP-14-CR-0000686-2015

BEFORE:  MURRAY, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED MARCH 02, 2021**

Theophilus L. Baldwin (Appellant) appeals from the order dismissing his counseled petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.  Because the PCRA court failed to issue notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907(1), and Appellant has objected, we vacate and remand.

The procedural history is somewhat convoluted.  In January 2014, the Commonwealth filed a criminal information against Appellant at No. 302-2014, charging him with several violations of the Controlled Substance, Drug,

---

[1] Appellant also filed a separate *pro se* appeal that is before this panel at No. 1811 MDA 2019.  There, he appealed a different PCRA court's dismissal of a separate PCRA petition.  That case was docketed at CP-14-CR-0000302-2014 (No. 302-2014).

Device, and Cosmetic Act, and criminal use of a communication facility. On June 20, 2014, Appellant filed an omnibus pre-trial motion, which included a motion to sever certain charges.[2] The trial court granted Appellant's motion, and ordered two of the original charges to be tried separately from the others.

The matter proceed to trial on the No. 302-2014 docket on November 3, 2014. A jury found Appellant guilty of all counts (which had not been *nolle prossed*). The trial court subsequently sentenced Appellant to an aggregate 4 to 8 years in prison. On February 24, 2015, Appellant filed a timely appeal at No. 302-2014.

On March 31, 2015, the Commonwealth filed a motion to assign a new docket number to the severed charges, which the trial court granted. The court docketed these charges at No. 686-2015, *i.e.*, the docket in this appeal. On May 28, 2015, Appellant filed a motion to dismiss the No. 686-2015 charges. Appellant claimed the trial court lacked jurisdiction because of the pending appeal at No. 302-2014. The court denied Appellant's motion.

On September 24, 2015, Appellant entered guilty pleas on the No. 686-2015 docket, to delivery of a controlled substance, criminal conspiracy, and criminal use of a communication facility. The trial court imposed an aggregate sentence of 3 to 6 years in prison, to be served consecutively with the 4 to 8 year sentence imposed at No. 302-2014. This Court affirmed on direct appeal.

---

[2] Appellant alleged that the conduct charged related to two distinct incidents which occurred in different years.

***Commonwealth v. Baldwin***, 144 A.3d 185 (Pa. Super. 2016) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On March 10, 2016, Appellant timely filed a *pro se* PCRA petition at No. 686-2015. The PCRA court appointed counsel, who filed an amended petition on June 20, 2016. Appellant challenged, *inter alia*, the trial court's jurisdiction to accept his pleas at No. 686-2015. After conducting an evidentiary hearing on the petition on January 20, 2017, the PCRA court reinstated Appellant's direct appeal rights, *nunc pro tunc*, at No. 686-2015. Appellant timely appealed.

This Court affirmed Appellant's judgment of sentence at No. 686-2015 on December 20, 2017. ***Commonwealth v. Baldwin***, 181 A.3d 1254 (Pa. Super. 2017) (unpublished memorandum). We held, *inter alia*, that the trial court had jurisdiction to assign a new docket number for the severed charges. ***Id.*** Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On October 9, 2018, Appellant filed a *pro se* PCRA petition at No. 686-2015. The PCRA court appointed counsel, who filed an amended petition on June 14, 2019. The Commonwealth filed a response to the amended petition.

Without either a hearing or Rule 907 notice, on October 3, 2019, the PCRA court entered an order dismissing Appellant's petition. Notably, prior to

- 3 -

dismissing Appellant's petition, the PCRA court did not comply with the mandate of Pa.R.Crim.P. 907(1). The Rule provides:

> If the judge is satisfied from [his or her] review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge **shall give notice to the parties** of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal.

*Id.* (emphasis added).

Appellant timely filed this appeal and raises the following question:

> DID THE [PCRA] COURT COMMIT AN ABUSE OF DISCRETION AND/OR ERROR OF LAW IN DISMISSING [APPELLANT'S] PCRA PETITION WITHOUT THE BENEFIT OF A HEARING?

Appellant's Brief at 4.

In reviewing the dismissal of a PCRA petition, our standard of review is abuse of discretion. *Commonwealth v. Roney*, 79 A.3d 595, 603 (Pa. 2013). "With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015).

However, it is well settled that the notice requirement of Rule 907(1) is **mandatory**. *Commonwealth v. Feighery*, 661 A.2d 437, 439 (Pa. Super. 1995); *see also* Pa.R.Crim.P. 907(1), *supra* (stating a PCRA court **shall** give notice and **shall** state the reasons for the dismissal). Non-compliance with Rule 907(1) requires vacatur of the order of dismissal, unless the petitioner

waives the claim by failing to raise it on appeal. ***Commonwealth v. Vo***, 235 A.3d 365, 372 (Pa. Super. 2020); ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013) (stating the "failure to challenge the absence of a Rule 907 notice constitutes waiver."). We have explained:

> the purpose of a Rule 907 pre-dismissal notice is to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects, the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims. The response to the Rule 907 notice is an opportunity for a petitioner and/or his counsel to object to the dismissal and alert the PCRA court of a perceived error, permitting the court to discern the potential for amendment. The response is also the opportunity for the petitioner to object to counsel's effectiveness at the PCRA level. When a PCRA court properly issues [a] Rule 907 notice in compliance with the rules of criminal procedure, an appellant is deemed to have sufficient notice of dismissal.

***Vo***, 235 A.3d at 372 (citations, quotations, emphasis and brackets omitted).

Here, the PCRA court failed to comply with Rule 907(1), and Appellant has objected. Accordingly, we vacate the order dismissing Appellant's PCRA petition. ***See Feighery***, 661 A.2d at 439. We remand for the PCRA court, if it intends to dismiss Appellant's petition without a hearing, to properly issue Rule 907(1) notice. ***Vo***, 235 A.3d at 372. If the PCRA court issues notice, Appellant, upon receipt, "may respond to the proposed dismissal within 20 days of the date of the notice," as provided in Rule 907(1). ***Id.*** at 372-73.

Order vacated.   Case remanded with instructions.   Appellant's application for relief denied.[3]  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/02/2021

---

[3] On November 24, 2020, Appellant filed an application with this Court seeking leave to refile appendices to his appellate brief; we deny the application as moot.