J-S20041-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DUSTIN JEFFREY ROTTMAN | : | |
| | : | |
| Appellant | : | No. 1276 MDA 2020 |

Appeal from the PCRA Order Entered August 27, 2020
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004638-2019

BEFORE:  NICHOLS, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.          **FILED: AUGUST 16, 2021**

Dustin Jeffrey Rottman ("Rottman") appeals from the Order denying his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We vacate the Order, and remand for further proceedings.

In its Opinion, the PCRA court summarized the relevant history of this case as follows:

> [Rottman] was charged with a [d]riving [u]nder the [i]nfluence [("DUI")] offense on February 17, 2009.  He completed [Accelerated Rehabilitative Disposition ("ARD")], and a discharge of the case was ordered.  [Rottman] was charged with his second DUI offense on November 12, 2016, and he pled guilty on April 10, 2017.  On June 30, 2019, [Rottman] was charged with his third DUI offense.  On January 30, 2020, [Rottman] pled guilty to one count of DUI pursuant to 75 Pa.C.S.[A.] § 3802(d)(2), graded as a [f]elony of the third degree.  [Rottman] was sentenced[,] in accordance with his plea agreement[,] to 7 years of intermediate punishment, with the first 6 months to be served in York County Prison, followed by 6 months of house arrest and electronic

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

monitoring, and the balance to be served on probation. [Rottman], as ordered, reported to [the] York County Prison on February 24, 2020. As no post-sentence motions were filed and no appeal was perfected, [Rottman's] sentence became final on February 29, 2020. On March 27, 2020, [Rottman] was granted early parole and released to house arrest.

[Rottman] filed a [PCRA Petition] on July 15, 2020[,] seeking relief under the theory that his sentence was illegal pursuant to the Superior Court's decision in **Commonwealth v. Chichkin**, 232 A.3d 959 (Pa. Super. 2020). On August 21, 2020, the Commonwealth filed a Motion for Dismissal of [Rottman's PCRA] Petition. On August 24, 2020, [the PCRA court] entered an Order dismissing [Rottman's] [P]etition without a hearing. On September 23, 2020, [Rottman] filed a [timely] Notice of Appeal. [Rottman] was directed to file a [c]oncise [s]tatement of [m]atters [c]omplained of on [a]ppeal pursuant to Pa.R.A.P. 1925(b). [Rottman] filed a [Concise Statement] on October 19, 2020….

PCRA Court Opinion, 11/25/20, at 1-2.

Rottman presents the following claims for our review:

1. Was the [PCRA] court's denial of [Rottman's PCRA] Petition …[,] ordered without a Notice of Intent to Dismiss PCRA Petition and without a hearing on the merits, improper?

2. Should the rule set forth in [] **Chichkin**, establishing that an ARD disposition shall not be considered a prior conviction for sentencing purposes on a subsequent criminal charge, apply retroactively to [Rottman's] sentence?

Brief for Appellant at v (issues renumbered).

In reviewing the dismissal of a PCRA petition, our standard of review is abuse of discretion. **Commonwealth v. Roney**, 79 A.3d 595, 603 (Pa. 2013). "With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent

- 2 -

an abuse of discretion." ***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015).

Rottman first claims that the PCRA court improperly dismissed his PCRA Petition without first issuing notice pursuant to Pa.R.Crim.P. 907. Brief for Appellant at 9. Rottman points out that in its Opinion, the PCRA court agreed that a remand is necessary to rectify this error. ***Id.*** (citing PCRA Court Opinion, 11/25/20, at 5-6). We agree.

This Court has recognized that the notice requirement of Rule 907(1) is mandatory. ***Commonwealth v. Feighery***, 661 A.2d 437, 439 (Pa. Super. 1995). Non-compliance with Rule 907(1) requires vacatur of the order of dismissal, unless the petitioner waives the claim by failing to raise it on appeal. ***Commonwealth v. Vo***, 235 A.3d 365, 372 (Pa. Super. 2020); ***see also Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013) (stating that the "failure to challenge the absence of a Rule 907 notice constitutes waiver.").

> [T]he purpose of a Rule 907 pre-dismissal notice is to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects, the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims. The response to the Rule 907 notice is an opportunity for a petitioner and/or his counsel to object to the dismissal and alert the PCRA court of a perceived error, permitting the court to discern the potential for amendment. The response is also the opportunity for the petitioner to object to counsel's effectiveness at the PCRA level…

***Vo***, 235 A.3d at 372 (citations, quotations, emphasis and brackets omitted).

- 3 -

Here, the PCRA court concedes its failure to comply with Rule 907, and Rottman has objected. Brief for Appellant at 9. Accordingly, we vacate the Order dismissing Rottman's PCRA Petition, and remand for the PCRA court to comply with Pa.R.Crim.P. 907.

Order vacated. Case remanded with instructions. Superior Court jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/16/2021