J-S39014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEREMY HEATH BARNEY | : | |
| | : | |
| Appellant | : | No. 1494 MDA 2022 |

Appeal from the PCRA Order Entered October 4, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0005676-2012

BEFORE: DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.:                    **FILED DECEMBER 19, 2023**

Appellant Jeremy Heath Barney appeals *pro se* from the Order, entered October 4, 2022, in the Lancaster Court of Common Pleas, denying his Application for Relief which requested that the PCRA court address his 2016 petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46 ("PCRA"). After careful review, we remand to the PCRA court.

A detailed recitation of the facts underlying Appellant's convictions is not necessary to our review. After a trial, at which Appellant represented himself, the jury found him guilty of Involuntary Deviate Sexual Intercourse ("ISDI") with a Child, two counts of Indecent Assault, Criminal Solicitation, Unlawful Contact with a Minor, and Corruption of Minors in connection with his abuse of his paramour's five-year-old son. The court sentenced him as a repeat sexual offender on August 1, 2014, to an aggregate term of 20 to 40 years' incarceration. After the trial court denied Appellant's Motion for Judgment of

Acquittal or New Trial, Appellant appealed. This Court affirmed the Judgment of Sentence and on September 23, 2015, our Supreme Court denied allowance of appeal. **Commonwealth v. Barney**, No. 1460 MDA 2014 (Pa. Super. filed Mar. 27, 2015), *appeal denied*, 120 A.3d 1064 (Pa. 2015).

On September 23, 2016, Appellant *pro se* filed a PCRA Petition raising 13 issues and sub-issues, including not only a challenge to the legality of his sentence based on **Commonwealth v. Wolfe**, 140 A.3d 651 (Pa. 2016),[1] but also various claims of ineffective assistance of pre-trial counsel, prosecutorial misconduct, inadmissibility of expert testimony, six trial court errors, insufficiency of the evidence, and two claims that this Court had already addressed on direct appeal.

On October 17, 2016, the court appointed PCRA counsel and granted counsel 45 days to file an amended PCRA petition or inform the court that he would not be filing an amended petition. The docket contains no indication that appointed counsel responded to the court's directive and the record is likewise devoid of any such filing from counsel. The docket and record likewise contain no indication that the Commonwealth filed a motion to dismiss the PCRA petition.

---

[1] In **Wolfe**, our Supreme Court affirmed this Court's remand for resentencing, holding that the application of a mandatory minimum sentence for IDSI with a Child, as provided in 42 Pa.C.S. § 9718(a), is "unconstitutional on its face, non-severable, and void." 140 A.3d at 663 (relying on **Alleyne v. U.S.**, 133 U.S. 2151 (2013)).

The matter languished until August 7, 2017, when the trial court entered an Order scheduling a resentencing hearing based on **Wolfe**.[2]  That order did not acknowledge the outstanding 2016 PCRA petition.

On March 6, 2018, the court held the resentencing hearing, attended by Appellant's appointed PCRA counsel, at which the court acknowledged that the case was "in a PCRA posture."  N.T. Sentencing, 3/6/18, at 3.  The court then vacated Appellant's original sentence and imposed an aggregate sentence of 20 to 40 years' incarceration.  The PCRA court, however, did not acknowledge the remaining issues raised in Appellant's 2016 PCRA petition, did not file a Pa.R.Crim.P. 907 notice, and did not enter an order granting or denying the PCRA petition.  Appellant's counsel did not raise the remaining PCRA issues at the resentencing hearing.

Counsel filed a notice of appeal challenging the new judgment of sentence.  At the request of Appellant's counsel, this Court remanded the case to the trial court for a **Grazier**[3] hearing.  Following that hearing, Appellant proceeded *pro se* with his appeal.  This Court affirmed the new Judgment of Sentence, and the Supreme Court denied allowance of appeal. **Commonwealth v. Jeremy Heath Barney**, 241 A.3d 428 (Pa. Super. 2020)

_____

[2] On December 4, 2017, the court entered an order stating, "The Commonwealth's request for reconsideration is hereby granted.  The resentencing is now scheduled for March 6, 2018."  Order, 12/4/17.  Neither the docket nor the record contain that motion for reconsideration and it is, thus, unclear to what that order refers.

[3] **Commonwealth v. Grazier**, 713 A.2d 81, 82 (Pa. 1998)

(unpublished memorandum), *allocatur denied*, No. 76 MAL 2021 (Pa., filed July 7, 2021), *cert. denied*, 142 S.Ct. 1455 (U.S., filed April 4, 2022).[4]

On September 15, 2022, Appellant filed a document titled "The Status or Resolution of PCRA date on 9/23/2016" ("Application for Resolution"). In this filing, Appellant observed that the PCRA court never filed a Pa.R.Crim.P. 907 Notice of Intent to dismiss his 2016 PCRA Petition and never entered an order dismissing the 2016 Petition. He requested that the PCRA court file a Pa.R.Crim.P. 907 Notice addressing the unresolved issues raised in his 2016 PCRA Petition or grant him leave to amend his 2016 PCRA petition.

On October 4, 2022, the court denied Appellant's Application for Resolution with a docket entry titled "Order denying amended/petition for post collateral relief." The court issued an untitled opinion that same day explaining its reasons for denying the requested relief.[5] Without citation to any rule, statute, or case law, the court summarily stated that the 2016 PCRA petition was denied "by operation of law" when the court resentenced Appellant and, thus, the court "need not give notice of its intent to dismiss [Appellant's] 2016 PCRA petition because said petition was rendered moot

---

[4] In our October 15, 2020 Memorandum addressing Appellant's appeal from the new judgment of sentence, this Court acknowledged that Appellant had filed a PCRA petition in 2016 but noted that the Petition was not in the certified record then before the Court and the record contained no order disposing of the 2016 PCRA petition. **Barney**, 241 A.3d at 428 n.2.

[5] The court's untitled opinion is in the certified record only by virtue of the court annexing it to its Pa.R.A.P. 1925(a) statement.

when the Petitioner's original sentence was vacated on March 6, 2018."  Tr. Ct. Op., 10/4/22, at 4.[6]

Appellant *pro se* filed a notice of appeal and a Pa.R.A.P. 1925(b) Statement.   The PCRA court responded by directing our attention to its October 4, 2022 Opinion, which it annexed to its Rule 1925(a) response.[7]

In his Statement of Questions Involved, *pro se* Appellant raises the following issues (*verbatim*):

> A.  Did the PCRA court error, when it did not file the Mandatory Pa.R.Crim.P. 907 Notice of Intent to Dismiss Jermey's remaining claims from his 2016 PCRA – claiming Jermey's claims were moot by operation of law?
>
> B.  Did the PCRA Court error, when it stated that Jermey's PCRA started on April 4, 2018 and ended one year later, in violation of Jermey's United States Constitution 14th Amendment, the Pennsylvania Constitution Article 1, Section 9 and 42 Pa.C.S. § 9545(b)(3) – in that – Jermey has one year from the date that his judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review?

Appellant's Br. at 4.

_____

[6] Curiously, the court added: "Where there is no longer a conviction, no relief can be had as to that particular sentence."  Tr. Ct. Op., at 4. As discussed below, the court did not vacate any of the convictions at Appellant's resentencing hearing.

[7] On January 17, 2023, this Court remanded to the PCRA court to determine whether Appellant was entitled to counsel and, if so, to appoint counsel or hold a ***Grazier*** hearing.  The court held a ***Grazier*** hearing, and on April 4, 2023, entered an order granting Appellant's request to proceed *pro se*.

**A.**

Our rules of criminal procedure provide that once a petitioner files a PCRA petition, the PCRA court must review the issues raised in the petition to determine whether they are timely raised, fall within the scope of the PCRA's cognizable claims, have arguable merit warranting a hearing, and/or fail to present any genuine issues pertaining a material fact so that post-conviction relief is not warranted.  Pa.R.Crim.P. 907.  Specifically, Rule 907 provides the following:

> Except as provided in Rule 909 for death penalty cases, (1) the judge shall promptly review the [PCRA] petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s).  If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge **shall** give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal.  The defendant may respond to the proposed dismissal within 20 days of the date of the notice.  The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

***Commonwealth v. Vo***, 235 A.3d 365, 371 (Pa. Super. 2020), *quoting* Pa.R.Crim.P. 907 (emphasis added).  The notice requirement of Rule 907 is mandatory. ***Commonwealth v. Feighery***, 661 A.2d 437, 439 (Pa. Super. 1995).  Where the record is devoid of a Rule 907 Notice, we must vacate and

remand for the PCRA court to comply with the proper procedure. ***Vo***, 235 A.3d at 372.[8]

Our review of the certified record and the docket entries from the Lancaster County Court of Common Pleas reveals that the record is devoid of a Rule 907 notice and an order disposing of the 2016 PCRA Petition. While the record contains an Order scheduling the resentencing hearing, that Order does not acknowledge the PCRA petition and cannot be deemed a Rule 907 notice with respect to all of the issues raised in the 2016 PCRA petition.[9]

Moreover, while the trial court at the resentencing hearing acknowledged that the case was "in a PCRA posture," the court took no further action on the claims in the PCRA petition after resentencing Appellant. N.T. Sentencing, at 3. Without a Rule 907 Notice or an order disposing of the 2016 PCRA petition, the petition remains outstanding.

_____

[8] We are mindful that an appellant waives any claims that the PCRA court failed to issue a Rule 907 Notice if he "has not raised this issue on appeal" from an order denying PCRA relief. ***Commonwealth v. Zeigler***, 148 A.3d 849, 852 n.2 (Pa. Super. 2016). Since the PCRA court did not enter an order granting or denying the PCRA petition in this case, ***Zeigler*** is not applicable.

[9] Even if we were to consider the resentencing hearing as a partial grant of PCRA relief, there was no Rule 907 Notice issued and no Order explicitly denying the remaining claims. We are unable to find through our research any authority permitting an appellate court to infer a trial court's intentions, particularly where the record does not indicate any acknowledgment by the trial court at resentencing of its awareness of the outstanding PCRA claims.

Accordingly, we vacate the court's denial of Appellant's Application for Resolution and remand to the PCRA court to appoint PCRA counsel or hold a *Grazier* hearing; review and address the claims raised in the 2016 PCRA petition that remain outstanding; and either issue a Rule 907 notice addressing those issues, with an explanation of why they merit no hearing and no relief, or schedule a hearing to address any issues that may merit further review.[10, 11] In the event the court files a Rule 907 Notice of its intent to dismiss without a hearing, Appellant may thereafter respond to the Rule 907 Notice within the time allotted by the PCRA court. The court shall thereafter enter an Order either granting or denying the relief requested in the 2016 Petition with respect to all outstanding issues.[12]

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

---

[10] Contrary to the court's observation in its October 4, 2022 opinion, Appellant's 2016 PCRA Petition is contained in the certified record now before the Court.

[11] Contrary to the trial court's observation, vacating the illegal *sentence* pursuant to *Wolfe* and resentencing Appellant did not vacate Appellant's conviction or otherwise extinguish the remaining claims in his outstanding PCRA Petition. Further, we are unable to find any authority to support the PCRA court's summary conclusion that the new sentence extinguished the PCRA claims challenging the underlying convictions. Our research likewise reveals no authority to support the PCRA court's conclusion that a PCRA petition can be "denied by operation of law." Opinion and Order at 5. Notably, the PCRA court provided no citation to precedential or statutory authority to support either of its conclusions.

[12] Due to our disposition, we decline to address Appellant's second issue.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/19/2023