J-S14023-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| HASSAN TUCKER | : | |
| Appellant | : | No. 1654 EDA 2024 |

Appeal from the Order Entered April 12, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0406051-2005

BEFORE:   DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BECK, J.:                                   **FILED JULY 18, 2025**

Hassan Tucker ("Tucker") appeals pro se from the order entered by the Philadelphia County Court of Common Pleas dismissing his fourth petition pursuant to the Post Conviction Relief Act ("PCRA").[1]  We reverse and remand.

On September 4, 2004, Tucker shot and killed Judy Bailey ("Bailey") during an altercation.  On April 6, 2006, a jury found Tucker guilty of first-degree murder, possession of an instrument of crime, and carrying a firearm without a license.  The trial court sentenced Tucker to life in prison without parole.  This Court affirmed the judgment of sentence, and the Supreme Court of Pennsylvania denied allowance of appeal on July 17, 2008.  ***See***

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

*Commonwealth v. Tucker*, 2310 EDA 2006, (Pa. Super. Feb. 8, 2008) (non-precedential decision), *appeal denied*, 954 A.2d 577 (Pa. 2008).

On April 1, 2009, Tucker filed a timely pro se PCRA petition, which the PCRA court subsequently dismissed. On May 26, 2010, Tucker filed a second pro se PCRA petition, which the PCRA court dismissed on May 13, 2011.

On August 15, 2012, Tucker filed a third pro se PCRA petition, which he amended on March 25, 2016. In the petition, Tucker claimed that he was entitled to relief under the rulings in *Miller v. Alabama*, 567 U.S. 460 (2012) (holding that a mandatory sentence of life in prison without parole is unconstitutional for offenders under eighteen years old), and *Montgomery v. Louisiana*, 577 U.S. 190 (2016) (holding *Miller* applies retroactively). On March 16, 2018, the PCRA court dismissed the petition as untimely. This Court affirmed, concluding *Miller* was inapplicable because Tucker was twenty years old at the time he committed the crimes. *See Commonwealth v. Tucker*, 2019 WL 2070476 (Pa. Super. May 9, 2019) (non-precedential decision).

On August 15, 2022, Tucker filed the underlying pro se PCRA petition in which he claimed police coercion, ineffectiveness of counsel, and an abuse of discretion by the trial court. On May 16, 2023, the Commonwealth issued a police misconduct disclosure notice to an inmate, Christopher Cottle ("Cottle"), regarding the misconduct of Detective Edward Rocks in *Commonwealth v. Veasy*, CP-51-CR-641521-1992. The Commonwealth indicated that the handwritten addendum that Detective Rocks wrote stating

- 2 -

that the defendant in that case had fired a gun during the crime was largely inconsistent with other accounts of the crime. Cottle shared this information with Tucker.

As a result, on October 18, 2023, Tucker filed a "Motion to Leave" to file a supplemental PCRA petition concerning newly-discovered facts and **Brady**[2] violations related to the misconduct by Detective Rocks, who was involved in Tucker's arrest and trial. On November 29, 2023, Tucker filed a motion to compel the Commonwealth to disclose impeaching and exculpating material. On March 1, 2024, the PCRA court issued a notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, providing Tucker twenty days to file a response. On March 22, 2024,[3] Tucker filed a response to the notice, to which he attached an amended PCRA petition invoking the

_____

[2] **Brady v. Maryland**, 373 U.S. 83 (1963).

[3] It is unclear when Tucker received the Rule 907 notice. This notice was addressed to Tucker at SCI-Dallas, but Tucker was transferred to SCI-Mahanoy on December 7, 2023. Tucker filed his response one day after the deadline to respond to the Rule 907 notice. However, applying the prisoner mailbox rule, Tucker's response must be considered timely because common sense dictates that Tucker would have had to deliver his response to prison authorities for mailing at least one day before it could have been received by the PCRA court. **See Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011) (stating that the prisoner mailbox rule provides that a prisoner's pro se legal document is considered filed on the date it is delivered to the proper prison authority for mailing). Because Tucker would have had to deliver his response for mailing prior to March 22, 2024, we will consider his response timely.

newly-discovered fact timeliness exception regarding Detective Rocks' misconduct.

On April 12, 2024, the PCRA court, stating it considered the PCRA petition and the responses to the Rule 907 notice, dismissed Tucker's petition as untimely.

Tucker appealed[4] and raises two questions for our review:

1. Did [the] PCRA court err in concluding that Tucker's subsequent PCRA petition (filed: August 15, 2022 [amended March 22, 2024]) was untimely for failure to satisfy an exception to the time-bar pursuant to 42 Pa.C.S. 9541-46?

_____

[4] This Court issued an Order directing Tucker to show cause why the appeal filed on June 13, 2024 should not be quashed as untimely. **See** Superior Court Order, 8/1/2024. In his response, Tucker asserted that his notice of appeal should be considered timely filed because the April 12, 2024 PCRA court order was sent to the wrong prison and he did not receive it until June 2024. Tucker's Response to Order to Show Cause, 8/15/2024, at 1. Tucker provided documentation with his response in the form of an inmate correspondence history. **See id.**, Exhibit C. This document confirms that the PCRA court addressed the order dismissing Tucker's PCRA petition to SCI-Dallas. It further shows that the only legal mail received at SCI-Mahanoy on Tucker's behalf was on May 22, 2024 (which he signed for on May 23) and May 31, 2024 (which he signed for on June 1). **Id.** The inmate correspondence history does not indicate the contents of the legal mail he received on either date, but even assuming he received the PCRA court's order on May 23, 2024, his June 13, 2024 notice of appeal would have been filed within thirty days of his receipt of the order. Because the PCRA court's order was sent to the wrong prison, there was a breakdown in the process of the courts; we will therefore consider Tucker's appeal to be timely filed. **See Commonwealth v. Patterson**, 940 A.2d 493, 498 (Pa. Super. 2007) (stating that an appellate court may excuse an untimely filed notice of appeal in the case of fraud or breakdown in the processes of the court); **see also** Pa.R.A.P. 105(b) cmt. (same). Further, the Commonwealth does not dispute the issue of timeliness of Tucker's appeal in its brief.

2. Did [the] PCRA court err by dismissing/denying Tucker's PCRA petition without a hearing to review newly discovered facts/evidence …[?]

3. Was Tucker's notice of appeal timely filed within [30] days of receiving [the PCRA court's] April 12, 2024 court order denying PCRA relief?

Tucker's Brief at 3-4 (unnumbered) (unnecessary capitalization omitted).

In the PCRA court's written opinion in support of its dismissal of Tucker's PCRA petition, the court explains that the petition was untimely because his judgment of sentence became final in 2008 and that Tucker "ignored the time bar and solely discussed his substantive claims." PCRA Court Opinion, 4/12/2024, at 1. Therefore, the PCRA court found it was without jurisdiction to consider the merits of his claims or offer any form of relief and dismissed the petition as untimely. *Id.* at 2. It does not again mention Tucker's response to the PCRA court's Rule 907 notice or reference the time-bar exceptions raised therein.

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed." *Commonwealth v. Brown*, 141 A.3d 491, 499 (Pa. Super. 2016) (quotation marks and citation omitted). "The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." *Id.* (quotation marks and citation omitted); *see also Commonwealth v. Fantauzzi*, 275 A.3d 986, 994 (Pa. Super. 2022) ("the timeliness of a PCRA

petition is jurisdictional and [] if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief"). "As the timeliness of a PCRA petition is a question of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted).

A petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final unless the petitioner pleads and proves that an exception to the time limitation is met. 42 Pa.C.S. § 9545(b)(1). The exceptions to the one-year time-bar include:

> (i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

***Id.*** § 9545(b)(1). A PCRA petition invoking a statutory exception must be filed within one year of the date the claim could have been presented. ***Id.*** § 9545(b)(2).

Here, the Pennsylvania Supreme Court denied allowance of appeal on July 17, 2008. Therefore, Tucker's judgment of sentence became final on October 15, 2008, ninety days after the denial of allowance of appeal. *Id.* § 9545(b)(3) (stating "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"). Tucker thus had until October 15, 2009, to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1). Tucker's instant PCRA petition, filed on August 15, 2022, is unquestionably untimely.

Tucker contends that the PCRA court erred in concluding that his PCRA petition was untimely filed and that he did not raise any timeliness exceptions. Tucker's Brief at 7. Tucker notes that although the PCRA court's order denying relief stated it considered his response to the Rule 907 notice, it could not have, as his response included an amended petition invoking the newly-discovered facts exception. *Id.* at 7-8, 9.

Rule 907 states that, after the PCRA court has given a petitioner notice of its intention to dismiss the PCRA petition, the petitioner "may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue." Pa.R.Crim.P. 907(1). This is intended to afford a PCRA petitioner the opportunity to, inter alia, "correct any material defects" in the petition initially filed before the court.

*Commonwealth v. Weimer*, 167 A.3d 78, 86 (Pa. Super. 2017); *see also Commonwealth v. Vo*, 235 A.3d 365, 372 (Pa. Super. 2020) ("The response to the Rule 907 notice is an opportunity for a petitioner and/or his counsel to object to the dismissal and alert the PCRA court of a perceived error, permitting the court to discern the potential for amendment.") (citation and quotation marks omitted). "The ultimate goal of this process is to permit merit[s] review by the PCRA court of potentially arguable claims." *Weimer*, 167 A.3d at 86.

A PCRA court has the discretion to grant leave to amend PCRA petitions. *See Commonwealth v. Keys*, 328 A.3d 1141, 1149 (Pa. Super. 2024) (noting that pursuant to Rule 905(A), the decision to grant leave to amend a PCRA petition is an act of discretion); *see also Commonwealth v. Mason*, 130 A.3d 601, 621 n.19 (Pa. 2015) ("Rule 905 amendments are not 'self-authorizing' such that a petitioner may simply 'amend' a pending petition with a supplemental pleading.") (citation omitted). A PCRA petitioner's right to respond to a Rule 907 notice, however, is not within the PCRA court's discretion. *See* Pa.R.Crim.P. 907(1).

The record confirms that Tucker's PCRA petition, filed on August 15, 2022, did not raise any time-bar exceptions. Tucker allegedly learned new information about Detective Rocks' misconduct after he filed his August 15, 2022 petition and sought leave to amend the PCRA petition to raise the issue, invoking the newly-discovered fact exception to the PCRA's time bar. The

PCRA court did not rule on his request to file an amended petition. Thereafter, Tucker again invoked the newly-discovered fact exception in his response to the PCRA court's Rule 907 notice, attaching an amended PCRA petition thereto. Although the PCRA court states in its order that it considered Tucker's Rule 907 response prior to dismissing his petition as untimely, *see* PCRA Court Order, 4/12/2024, it appears it overlooked his filings, including his Rule 907 response, as the court contends that Tucker "ignored the time-bar and solely discussed his substantive claims." *See* PCRA Court Opinion, 4/12/2024, at 1.[5]

Because Tucker included his amended PCRA petition with his response to the Rule 907 notice, the PCRA court should have considered the claimed time-bar exception pled therein to determine whether Tucker should be afforded the opportunity to amend his petition and correct any material defects. *Cf. Weimer*, 167 A.3d at 86 (finding no error where PCRA court dismissed PCRA petition after considering the claims in the Rule 907 response filed by petitioner). Therefore, we reverse the order, and remand for further proceedings.[6]

_____

[5] The Commonwealth concedes that Tucker made efforts to amend the PCRA petition and raise a time-bar exception and does not oppose a remand to the PCRA court for a finding on whether the exception is met. Commonwealth's Brief at 12.

[6] Our disposition should not be construed as ruling—either favorably or unfavorably—on the merits of Tucker's claimed entitlement to the newly-
*(Footnote Continued Next Page)*

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/18/2025

---

discovered facts timeliness exception. We merely remand for the PCRA court to address the filings before it.