J-A29020-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                              :          PENNSYLVANIA
                              :
           v.                 :
                              :
                              :
                              :
PHILLIP A. REHWALD            :
                              :
         Appellant            :   No. 362 WDA 2021

Appeal from the PCRA Order Entered March 4, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0006354-2015

BEFORE:   BENDER, P.J.E., BOWES, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED: JANUARY 3, 2022**

Phillip A. Rehwald appeals from the order denying his post-conviction relief act ("PCRA") petition.  Since Appellant did not receive notice of the PCRA court's notice of intent to dismiss pursuant to Pa.R.Crim.P. 907, we vacate and remand for further proceedings.

The trial court summarized the factual history of the case as follows:

[T]he evidence presented at trial established that [in] early 2015, [Appellant], then [fifty-five] years old, was dating his neighbor, Kara Hines, then [nineteen] years old.  Kara lived with her mother, Pamela Johnstone, and her younger sister [("Victim")], then [fourteen] years old.  At some point during the relationship, [Appellant] borrowed [Victim's] laptop computer and held onto it for a period of time.  On several occasions during the months of January and February, 2015, the Johnstone[s'] pipes froze due to the cold weather and the family was without water.  On those occasions, [Appellant] allowed the family to shower at his home. On two occasions while [Victim] was showering, [Appellant] slid

_____

[*] Retired Senior Judge assigned to the Superior Court.

his cell phone under the door in an attempt to videotape her. The first attempt was apparently unsuccessful. On the second attempt, [Appellant] succeeded in capturing approximately [forty-five] seconds of video depicting [Victim] getting out of the shower, walking to the sink and preparing to brush her teeth all while completely naked. When the cell phone was removed from under the door, the [film]maker's pajama pants and slippers were visible on the video. The video was then transferred to [Victim's] laptop and the laptop was eventually returned.

At some point thereafter, Kara had occasion to be using her sister's laptop and found the video of her sister. Kara showed the video to her mother, who called the police. Detective Ging of the Ohio Township Police Department responded and viewed the video on the laptop computer.

Trial Court Opinion, 7/12/16, at 5.

Police obtained a search warrant for Appellant's apartment. While they were executing the warrant, Appellant admitted to making the video and knowing that Victim was only fourteen years old at the time it was made. Appellant was arrested and charged with sexual abuse of children—photographing, sexual abuse of children—dissemination, and invasion of privacy. After his pretrial motion to suppress was denied, Appellant proceeded to a jury trial. Appellant was found guilty of all charges and sentenced to eleven months and fifteen days to twenty-three months of incarceration with credit for time served. The court also imposed a consecutive five-year term of probation, lifetime Megan's Law registration, and ordered Appellant to comply with the conditions of sex offender court. A timely direct appeal followed. However, on August 3, 2016, Appellant discontinued the appeal. Shortly thereafter, Appellant was released on parole.

In 2017, a detainer was lodged against Appellant for a suspected probation violation after he was unsuccessfully discharged from a court-ordered treatment plan. The trial court held a hearing on the violation. At the hearing, the court referenced Appellant's refusal to communicate and cooperate with counsel and the behavior clinic, before ordering a mental health evaluation. Appellant was eventually found incompetent and committed to Torrance State Hospital. Appellant was later transferred back to the Allegheny County Jail and the violation hearing continued. Afterwards, Appellant was released to a residential treatment program.

In 2019, Appellant was arrested for a second probation violation after he was, again, unsuccessfully discharged from the court-ordered treatment program. On August 5, 2019, the trial court[1] held a hearing. At its conclusion the court found that Appellant had violated his probation, revoked his probation, and sentenced him to two to eight years of incarceration with credit for time served. Appellant filed a timely post-sentence motion, which was denied. Appellant also filed a direct appeal, which he later discontinued.

Appellant filed a timely *pro se* PCRA petition, which is the subject of the instant appeal. Despite having appointed counsel, Appellant continued to file numerous *pro se* pleadings. As a result, PCRA counsel filed a motion requesting to withdraw, indicating that there was a breakdown in the attorney-

_____

[1] The case was transferred at that time to the current trial court because the original trial judge had retired.

client relationship and that Appellant wished to "fire" him but keep him as co-counsel. Following an October 30, 2020 hearing, the PCRA court found that Appellant had intentionally forfeited his right to counsel by engaging in dilatory conduct, such as refusing to cooperate with the proceeding. The PCRA court advised Appellant that he could proceed *pro se* or retain private counsel and that he had thirty days to file an amended PCRA petition. After the hearing, the court issued an order detailing the same. Thereafter, Appellant filed *pro se* two "legal letters," a motion for transcripts, and a motion to declare the case complex, the last of which was granted. While Appellant did not file an amended PCRA petition, he did set forth additional allegations in his legal letters. The Commonwealth submitted its answer, wherein it argued that Appellant's claims raised in the letters were either insufficiently pled or meritless. Appellant then submitted several other *pro se* filings, including an amended PCRA petition reiterating his earlier arguments.

On March 3, 2021, the PCRA court dismissed the amended PCRA petition without holding a hearing or issuing notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. This appeal followed. At Appellant's request, the PCRA court appointed counsel for Appellant. Appointed counsel filed a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. In the concise statement, counsel raised several claims, including an allegation that the PCRA court erred in failing to issue pre-dismissal notice pursuant to Rule 907. Thereafter, the PCRA court submitted its Rule 1925(a) opinion, in

which it explained that it had issued Rule 907 notice, but for unknown reasons, the document was not docketed or served on the parties. The PCRA court requested that its order dismissing Appellant's PCRA petition be vacated, and the case remanded for further proceedings.

On appeal, Appellant claims, *inter alia*, that the PCRA court erred in failing to provide him with Rule 907 notice prior to dismissing his petition. **See** Appellant's brief at 2.

We begin with a discussion of the pertinent legal principles. Our "review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015) (quoting **Commonwealth v. Hanible**, 30 A.3d 426, 438 (Pa. 2011)). "We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions." **Commonwealth v. Dozier**, 208 A.3d 1101, 1103 (Pa.Super. 2019) (quoting **Commonwealth v. Brenner**, 147 A.3d 915, 919 (Pa.Super. 2016)). "[W]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Pew**, 189 A.3d 486, 488 (Pa.Super. 2018) (citation omitted). Finally, we "may affirm a PCRA court's decision on any grounds if the record supports it." **Commonwealth v. Smith**, 194 A.3d 126, 132 (Pa.Super. 2018) (citation omitted).

Appellant alleges that the PCRA court erred in dismissing his PCRA petition without first serving him with Rule 907 notice. The PCRA court agrees that due to an "apparent breakdown in the administrative process," the Rule 907 notice was never filed or served on Appellant. *See* PCRA Court's Opinion, 5/24/21, at 3. Since Appellant did not receive this order, the PCRA court requests that we vacate the order dismissing the PCRA petition and remand the case so that Appellant can file a counseled Amended PCRA petition. *Id*. We agree that a remand is necessary.

It is well settled that the notice requirement of Rule 907 is mandatory:

> If the judge is satisfied from [his or her] review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge **shall give notice to the parties** of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal.

Pa.R.Crim.P. 907(1) (emphasis added). *See also Commonwealth v. Vo*, 235 A.3d 365, 371-72 (Pa.Super. 2020). Non-compliance with Rule 907 requires vacatur of the order of dismissal unless the petitioner waives the claim by failing to raise it on appeal. *See Vo*, *supra* at 372; *see also Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa.Super. 2013) (stating the "failure to challenge the absence of a Rule 907 notice constitutes waiver").

Our review of the record confirms that the Rule 907 notice was never docketed or served on Appellant. Further, Appellant preserved this issue by raising it in his concise statement. Accordingly, we vacate the order dismissing Appellant's PCRA petition and remand for the PCRA court to

properly issue Rule 907 notice, which the PCRA court shall issue within twenty days of this decision. **See Vo**, **supra** at 372. Appellant "may respond to the proposed dismissal within twenty days of the date of the notice," as provided in Rule 907(1). **Id**. at 372-73. The PCRA court shall then proceed accordingly. Given our resolution of this issue, we need not address the remaining appellate issues raised by Appellant.

Order vacated. Case remanded with instructions. Appellant's applications for relief denied.[2] Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/3/2022

---

[2] During the pendency of this appeal, Appellant filed multiple *pro se* applications for relief seeking to add various issues to his appellate brief, including claims of PCRA counsel ineffectiveness. Given our resolution of Appellant's first issue, we deny the applications as moot. However, we note that Appellant is free to pursue these claims in the PCRA court, as Rule 907 notice gives Appellant the opportunity to "alert the PCRA court of a perceived error [and] to object to counsel's effectiveness at the PCRA level." **Commonwealth v. Smith**, 121 A.3d 1049, 1054 (Pa.Super. 2015).