J-S41033-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICK LAVAR CANNON | : | |
| | : | |
| Appellant | : | No. 855 MDA 2022 |

Appeal from the PCRA Order Entered May 9, 2022
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0000559-2014

BEFORE: LAZARUS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED: DECEMBER 20, 2022**

Appellant, Rick Lavar Cannon, appeals from the order entered in the Court of Common Pleas of Lebanon County dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. In addition, appointed PCRA counsel has filed with this Court a petition to withdraw his representation, as well as an accompanying brief pursuant to ***Commonwealth v. Turner***, 518 Pa. 491, 544 A.2d 927 (1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Because the PCRA court failed to issue notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907(1), and Appellant has objected, we vacate and remand. Further, we deny counsel's petition to withdraw.

_____

[*] Former Justice specially assigned to the Superior Court.

The relevant facts and procedural history are as follows: On March 14, 2014, Appellant and his two co-conspirators robbed and shot two victims, one of whom later died as a result of his wounds. Following a high-speed chase from the police, Appellant was apprehended while in possession of cocaine and firearms. The Commonwealth charged Appellant with numerous crimes, including homicide.

On July 2, 2015, Appellant, who was represented by counsel, entered a negotiated guilty plea as follows: "The plea deal is for 50 to 100 years in prison, and he must cooperate as necessary with the District Attorney's Office regarding the two codefendants…." N.T., 7/2/15, at 3. Furthermore, Appellant agreed that the plea was irrevocable. *Id.* at 12.

On August 26, 2015, Appellant appeared for his sentencing hearing, and he made an oral motion to withdraw his plea. The trial court denied the motion and sentenced Appellant pursuant to the terms of the plea agreement. N.T., 8/26/15, at 5. Specifically, the trial court sentenced Appellant to 50 to 100 years in prison, as well as imposed fines. Appellant filed a timely direct appeal wherein he presented the sole issue of whether he should have been permitted to withdraw his plea prior to sentencing.

On June 5, 2017, finding no merit to Appellant's claim, this Court affirmed his judgment of sentence. *See Commonwealth v. Cannon*, No. 1680 MDA 2015, 2017 WL 2423120 (Pa.Super. filed 6/5/17) (unpublished

memorandum). Appellant filed a timely petition for allowance of appeal, which our Supreme Court denied on May 30, 2018. Appellant did not file a petition for a *writ* of *certiorari* with the United States Supreme Court.

On July 27, 2018, Appellant filed a timely *pro se* PCRA petition, and counsel was appointed to represent him. On October 7, 2020, and November 12, 2020, counsel filed amended petitions on behalf of Appellant. The PCRA court denied Appellant's first PCRA petition, and he filed a timely, counseled appeal to this Court.[1] On August 13, 2021, this Court affirmed the PCRA court's order denying Appellant's first PCRA petition. *See Commonwealth v. Cannon*, 97 MDA 2021, 2021 WL 3579173 (Pa.Super. filed 8/13/21) (unpublished memorandum).

On or about March 3, 2022, Appellant filed a *pro se* PCRA petition, and counsel was appointed to represent him. On April 19, 2022, the Commonwealth filed a response to Appellant's PCRA petition. Without either a hearing or Rule 907 notice, on May 9, 2022, the PCRA court entered an order dismissing Appellant's second PCRA petition. Specifically, the PCRA court reasoned that Appellant's PCRA petition was untimely filed and not subject to any of the timeliness exceptions.

---

[1] On appeal, Appellant claimed his trial counsel was ineffective in advising him to enter a nonrevocable guilty plea and failing to present Appellant's polygraph results to the prosecutor and lower court. Further, Appellant argued the lower court erred in allowing him to enter his guilty plea and in imposing fines without considering his financial resources.

On June 3, 2022, Appellant filed a counseled notice of appeal to this Court. The PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement, and Appellant timely complied. Therein, Appellant averred, *inter alia*, that the PCRA court erred in dismissing his PCRA petition without providing him with notice of the court's intent to dismiss as required by Rule 907. On August 30, 2022, PCRA counsel filed in this Court a petition for leave to withdraw as counsel, as well as a supporting brief.

Prior to addressing the merits of Appellant's claims on appeal, we must first decide whether counsel has fulfilled the procedural requirements for withdrawing his representation. ***Commonwealth v. Daniels***, 947 A.2d 795, 797 (Pa.Super. 2008). This Court has listed the conditions counsel must meet in seeking to withdraw in a collateral appeal as follows:

> Counsel petitioning to withdraw from PCRA representation must proceed...under [***Turner***, ***supra*** and ***Finley***, ***supra*** and]...must review the case zealously. ***Turner/Finley*** counsel must then submit a no-merit letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> * * *
>
> [W]here counsel submits a petition and no-merit letter that...satisfy the technical demands of ***Turner/Finley***, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa.Super. 2012) (citation omitted).

Herein, PCRA counsel indicates he communicated with Appellant concerning the instant appeal, independently and conscientiously reviewed the record, conducted legal research, and ultimately concluded that the appeal is wholly frivolous. Counsel also lists in the brief the issues Appellant wishes to raise and explains why, in his view, Appellant is not entitled to relief.

In addition, PCRA counsel has attached to his petition to withdraw a copy of the letter he sent to Appellant wherein counsel advised Appellant of his right to proceed *pro se* or through private counsel. Counsel also affixed a copy of his petition to withdraw and brief to the letter.[2] Thus, we conclude that PCRA counsel has substantially complied with the procedural requirements of **Turner** and **Finley**. Therefore, we must proceed with an independent review of this case. **Doty**, **supra**.

On appeal, in the **Turner/Finley** brief, counsel sets forth the following issues: (1) Whether the PCRA court erred in dismissing Appellant's petition on

---

[2] In the **Turner/Finley** brief, counsel indicated that Appellant could proceed *pro se* or with private counsel "[s]hould the Superior Court grant [counsel's] Application to Withdraw[.]" **Turner/Finley** Brief, filed 8/30/22, at 5. By order entered on September 30, 2022, this Court directed counsel to provide Appellant with a letter advising him of his immediate right to proceed *pro se* or with private counsel. Counsel complied and provided this Court with a copy of the revised letter on October 12, 2022.

We note Appellant has filed neither a *pro se* brief nor a brief with privately retained counsel.

the basis it was untimely filed; (2) Whether the PCRA court properly dismissed Appellant's petition without holding a hearing or providing notice under Pa.R.Crim.P. 907; (3) Whether the PCRA court properly dismissed Appellant's petition on the basis it lacked merit.

Initially, we note "[o]ur standard of review for issues arising from the denial of PCRA relief is well-settled.  We must determine whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Hand**, 252 A.3d 1159, 1165 (Pa.Super. 2021) (citation omitted).

Here, we find Appellant's second issue to be dispositive. Appellant alleges the PCRA court erred in dismissing his PCRA petition without first serving him with Rule 907 notice. In its Pa.R.A.P. 1925(a) opinion, the PCRA court agrees that it did not provide notice of its intent to dismiss under Rule 907(1). PCRA Court Opinion, filed 6/30/22, at 3.  However, the PCRA court suggests that it was within its discretion to not provide such notice since it deemed Appellant's PCRA petition to be untimely.  **See id.**

In the **Turner/Finley** brief, PCRA counsel agrees with the PCRA court's analysis.  Specifically, PCRA counsel indicates that "[w]hile the trial court did not provide notice of intent to dismiss [Appellant's] petition under Rule 907, it was within [the trial court's] discretion to not provide such notice. Accordingly, this claim is without merit." **Turner/Finley** Brief, filed 8/30/22, at 3. Upon our independent review, we disagree.

Pa.R.Crim.P. 907(1) provides the following:

(1) [T]he judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, **the judge shall give notice to the parties of the intention to dismiss the petition** and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907(1) (bold added).

This Court has held that the notice requirement of Rule 907(1) is mandatory. *See Commonwealth v. Vo*, 235 A.3d 365, 372 (Pa.Super. 2020). Thus, the PCRA court's non-compliance with Rule 907(1) requires vacatur of the order of dismissal, unless the petitioner waives the claim by failing to raise it on appeal. *See id.*; *Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa.Super. 2013). Here, as indicated *supra*, Appellant raised the issue of the PCRA court's non-compliance with Rule 907(1) in his Pa.R.A.P. 1925(b) statement, and counsel raised the issue in the *Turner/Finley* brief.

As this Court has explained:

[T]he purpose of Rule 907 pre-dismissal notice is to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects, the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims. The response to the Rule 907 notice is an opportunity for a petitioner and/or his counsel to object to the dismissal and alert the PCRA court of a perceived error, permitting the court to discern the potential for amendment. The response is also the

opportunity for the petitioner to object to counsel's effectiveness at the PCRA level. When a PCRA court properly issues Rule 907 notice in compliance with the rules of criminal procedure, an appellant is deemed to have sufficient notice of dismissal.

*Vo*, 235 A.3d at 372 (citations, quotations, emphasis, and brackets omitted).

Here, there is no dispute the PCRA court failed to comply with Rule 907(1)'s notice requirement, and Appellant has objected. Accordingly, we vacate the order dismissing Appellant's second PCRA petition. *See Vo*, *supra*. We remand for the PCRA court, if it intends to dismiss Appellant's petition without a hearing, to properly issue Rule 907(1) notice. *See id.* If the PCRA court issues notice, Appellant, upon receipt, "may respond to the proposed dismissal within 20 days of the date of the notice," as provided in Rule 907(1). *Id.* at 372-73.

Petition to withdraw denied. Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/20/2022