J-S08007-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DENNIS TOBY | : | |
| | : | |
| Appellant | : | No. 1415 MDA 2022 |

Appeal from the PCRA Order Entered September 20, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0003199-2003

BEFORE:   OLSON, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 08, 2023**

Appellant, Dennis Toby, appeals *pro se* from the September 20, 2022 order entered in the Court of Common Pleas of York County, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

This Court previously summarized the procedural history as follows:

On July 16, 2004, a jury convicted Appellant of third-degree murder, robbery, burglary, and receiving stolen property.[1]  The [trial] court sentenced Appellant on August 25, 2004, to an aggregate term of 27½ - 55 years' imprisonment.  This Court affirmed the judgment of sentence on September 8, 2006, and our Supreme Court denied allowance of appeal on March 20, 2007. ***See Commonwealth v. Toby***, 911 A.2d 187 (Pa. Super. 2006), *appeal denied*, [] 919 A.2d 956 ([Pa.] 2007).  On June 4, 2007, Appellant timely filed a PCRA petition, for reinstatement of his

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(c), 3701(a)(1), 3502(a), and 3925(a), respectively.

direct appeal rights *nunc pro tunc* due to counsel's failure to file a timely [concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b)] on direct appeal.  The [PCRA] court granted relief on July 12, 2007, and Appellant filed a *nunc pro tunc* notice of appeal on July 17, 2007.  On July 8, 2008, this Court affirmed [Appellant's judgment of sentence].  ***See Commonwealth v. Toby***, 959 A.2d 975 (Pa. Super. 2008).  Our Supreme Court subsequently granted Appellant's petition for allowance of appeal on December 17, 2008, and remanded the case to this Court for consideration of a jury instruction issue.  ***See Commonwealth v. Toby***, [] 963 A.2d 902 ([Pa.] 2008).  This Court again affirmed the judgment of sentence on March 31, 2009, and our Supreme Court denied allowance of appeal on October 15, 2009.  ***See Commonwealth v. Toby***, 974 A.2d 1193 (Pa. Super. 2009), *appeal denied*, [] 982 A.2d 65 ([Pa.] 2009).  On August 2, 2010, Appellant timely filed a *pro se* PCRA petition; however, Appellant withdrew the petition on December 13, 2010.  Appellant then filed a *pro se* PCRA petition on September 8, 2011, and the PCRA court denied relief on September 26, 2011.  This Court affirmed [the order denying Appellant's PCRA petition] on June 29, 2012, and our Supreme Court denied allowance of appeal on November 20, 2012.  ***See Commonwealth v. Toby***, 53 A.3d 944 (Pa. Super. 2012), *appeal denied*, [] 57 A.3d 70 ([Pa.] 2012).  On [] March 7, 2016, Appellant filed [a] petition for *writ* of *habeas corpus* in the civil division [of the Court of Common Pleas of York County.]  The [trial] court treated Appellant's petition as a PCRA petition and transferred [the matter] to Appellant's existing criminal docket. The [PCRA] court ultimately dismissed the petition as untimely on June 6, 2016.

***Commonwealth v. Toby***, 2017 WL 1078737, at *1 (Pa. Super. Mar. 22, 2017) (unpublished memorandum).  On March 22, 2017, this Court affirmed the order dismissing Appellant's PCRA petition as untimely, and our Supreme Court denied allowance of appeal on September 27, 2017.  ***Commonwealth v. Toby***, 2017 WL 1078737, at *2, *appeal denied*, 171 A.3d 1289 (Pa. 2017).

On February 23, 2022, Appellant filed *pro se* the instant PCRA petition.[2] On May 3, 2022, the PCRA court provided notice to Appellant of its intent to dismiss his PCRA petition pursuant to Pennsylvania Rule of Criminal Procedure 907 and advised Appellant that he had 20 days from the date of the notice in which to file a response. Rule 907 Notice, 5/3/22. On May 11, 2022, Appellant filed *pro se* a response to the PCRA court's Rule 907 notice.[3] Appellant's response to the Rule 907 notice set forth arguments in support of his substantive claims of ineffective assistance of trial counsel and an illegal sentence, which he originally raised in his *pro se* PCRA petition. Appellant's Objections to Rule 907 Notice, 5/11/22. On June 3, 2022, the PCRA court denied Appellant's petition. In its order denying Appellant's petition, the PCRA court stated that the petition was denied "[f]or the reasons stated in the

_____

[2] Although Appellant's PCRA petition was time-stamped as having been received by the PCRA court on March 1, 2022, we deem Appellant's PCRA petition as having been filed on February 23, 2022, which is the post-mark date on the envelope Appellant used to submit his petition to the PCRA court. ***Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997) (explaining that, pursuant to the well-established principle, commonly referred to as the "prisoner mailbox rule," a document is deemed filed on the date an inmate deposits the mailing with prison authorities or places it in the prison mailbox).

[3] Appellant's response was time-stamped as having been received on May 17, 2022, but the envelope used to submit the response was post-marked May 11, 2022. Therefore we deem the response as having been filed on May 11, 2022. ***Jones***, 700 A.2d at 426.

attached [o]pinion[.]"[4]  PCRA Court Order, 6/3/22.  Appellant did not file an appeal challenging the June 3, 2022 order.

On August 15, 2022, Appellant filed *pro se* a motion to reinstate his appeal rights *nunc pro tunc*, asserting that he did not receive a copy of the opinion that purportedly accompanied the June 3, 2022 order denying his PCRA petition.  Appellant's submission also asserted that, in "early June 2022," he filed a notice of appeal of the order dismissing his PCRA petition but did not receive an acknowledgement from this Court that his notice of appeal was docketed.[5]  On September 20, 2022, the PCRA court vacated its June 3, 2022 order and, in an amended order, denied Appellant's petition.[6]  In its

_____

[4] This opinion does not appear in the record as having been filed by the PCRA court in conjunction with the June 3, 2022 order.

[5] A review of the PCRA court docket does not indicate that a notice of appeal was received by, or filed with, the PCRA court in June 2022.  Moreover, Appellant did not attach a copy of the notice of appeal to his motion to reinstate his appeal rights *nunc pro tunc*.  Further review fails to reveal that this Court received, or docketed, a notice of appeal from Appellant in June 2022.

Additionally, Appellant's *pro se* motion to reinstate his appeal rights *nunc pro tunc* was time-stamped as having been received on August 22, 2022, but the envelope used to submit the response was post-marked August 15, 2022.  Therefore, we deem Appellant's *pro se* motion as having been filed on August 15, 2022.  **Jones**, 700 A.2d at 426.

[6] In its opinion that accompanied the amended order denying Appellant's petition, the PCRA court explained that it vacated the June 3, 2022 order and subsequently denied Appellant's PCRA petition *vis-a-vis* an amended order because the PCRA court, due to a filing error, was unaware of Appellant's *pro se* response to the Rule 907 notice at the time it issued the June 3, 2022 dismissal order.  PCRA Opinion, 9/20/22, at 4 n.1.

- 4 -

amended order, the PCRA court denied Appellant's petition "[f]or the reasons stated in the attached [o]pinion[.]" PCRA Court Amended Order, 9/20/22. The opinion that accompanied, and was filed with, the amended order explained that Appellant's petition was denied because it was untimely and without exception to the PCRA jurisdictional time-bar. PCRA Court Opinion, 9/20/22, at 4-6. This appeal followed.[7]

In his *pro se* brief, Appellant raises two issues for our review that, in sum, challenge the legality of his sentence.[8] Appellant's Brief at 7 (unpaginated).

Preliminarily, we examine the procedural posture of the case *sub judice* as it implicates this Court's jurisdiction. **Commonwealth v. Grove**, 170 A.3d 1127, 1136-1137 (Pa. Super. 2017) (stating, "[t]his Court may consider the issue of jurisdiction *sua sponte*" (original quotation marks and citation omitted)), *appeal denied*, 185 A.3d 967 (Pa. 2018).

Generally, a trial court or PCRA court, upon notice to the parties, "may modify or rescind any order within 30 days of its entry [provided] no appeal from such order has been taken or allowed." 42 Pa.C.S.A. § 5505. Section 5505, however, "must be read in conjunction with a court's inherent powers to amend its records, to correct mistakes of the clerk or other officer of the

---

[7] Both Appellant and the PCRA court complied with Rule 1925.

[8] We do not set forth verbatim Appellant's two issues because we conclude, as explained more fully *infra*, that the instant PCRA petition was untimely and without exception.

court, inadvertencies of counsel, or supply defects or omissions in the record, even after the lapse of the term" provided no appeal has been taken. ***Commonwealth v. Klein***, 781 A.2d 1133, 1135 (Pa. 2001) (original quotation marks and citation omitted); ***see also Commonwealth v. Holmes***, 933 A.2d 57, 65 (Pa. 2007) (stating that, "the limits of jurisdiction enshrined in Section 5505 do not impinge on that time-honored inherent power of courts" to correct patent errors).

In the case *sub judice*, the PCRA court, on June 3, 2022, denied Appellant's *pro se* petition for collateral relief. The order denying Appellant's petition referred to an attached opinion as setting forth the reasons for the denial of Appellant's petition, but an opinion was not attached to, or filed with, the June 3, 2022 order (nor was an opinion made part of the certified record). Upon receipt of Appellant's August 15, 2022 *pro se* motion to reinstate his appeal rights *nunc pro tunc*, the PCRA court self-diagnosed a breakdown in the judicial system, noting that Appellant's reply to the PCRA court's Rule 907 notice was improperly handled, leaving the PCRA court unaware of Appellant's response before dismissing his most recent PCRA petition. Thereafter, the PCRA court vacated its June 3, 2022 order denying Appellant's petition and, upon consideration of Appellant's response to the Rule 907 notice, denied Appellant's PCRA petition in an amended order on September 20, 2022.

Under these circumstances, the PCRA court exercised its inherent powers, outside the 30-day period following the June 3, 2022 order, to correct mistakes that occurred in the issuance of said order. ***Klein***, 781 A.2d at 1135.

First, the PCRA court, upon reflection, noted that Appellant, in fact, filed a response to the Rule 907 notice and that the PCRA court, because it was unaware of the filing, failed to consider Appellant's response before denying the petition. The intended purpose of, and the importance of, a Rule 907 notice and a petitioner's opportunity to respond to the impending dismissal would be rendered superfluous if a PCRA court did not first consider a timely response filed by a petitioner before ultimately disposing of the petition.[9] **See** Pa.R.Crim.P. 907(1) (signifying that, the contents of a response may give rise to a PCRA court granting leave to file an amended petition or conducting an evidentiary hearing before disposing of a request for collateral relief). Second, the June 3, 2022 order denying Appellant petition referred to, and incorporated, an opinion that purportedly set forth the reasons for the denial

---

[9] This Court recently explained the purpose of a Rule 907 notice and the importance of the opportunity for a petitioner to file a response as follows:

> [T]he purpose of a Rule 907 pre-dismissal notice is to allow a petitioner an opportunity to seek leave to amend his[, or her,] petition and correct any material defects[, with] the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims. The response to the Rule 907 notice is an opportunity for a petitioner [or] his[, or her,] counsel to object to the dismissal and alert the PCRA court of a perceived error, permitting the [PCRA] court to discern the potential for amendment.

**Commonwealth v. Vo**, 235 A.3d 365, 372 (Pa. Super. 2020) (citations and original brackets omitted).

of the petition, but an opinion was not, in fact, attached to, or filed with, said order nor was a copy of an opinion provided to Appellant.

Upon realizing the breakdown in the judicial system and vacating the June 3, 2022 order, the PCRA court subsequently denied Appellant's petition, after consideration of his response to the Rule 907 notice, in an amended order, on September 20, 2022. Thereafter, Appellant filed a timely notice of appeal on September 27, 2022. **See** Pa.R.A.P. 903(a) (stating that, a notice of appeal "shall be filed within 30 days after the entry of the order for which the appeal was taken"). As such, we now turn to a review of the September 20, 2022 amended order denying Appellant's petition as untimely and without exception.

Proper appellate review of a PCRA court's dismissal of a petition is limited to an examination of "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." **Commonwealth v. Hickman**, 799 A.2d 136, 140 (Pa. Super. 2002) (citation omitted). In contrast, we review the PCRA court's legal conclusions *de novo*. **Commonwealth v. Henkel**, 90

A.3d 16, 20 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014).

It is well-established that "[i]f a PCRA petition is untimely, neither [an appellate court] nor the [PCRA] court has jurisdiction over the petition [and, w]ithout jurisdiction, [courts] simply do not have the legal authority to address the substantive claims." **Commonwealth v. Reid**, 235 A.3d 1124, 1143 (Pa. 2020), *citing* **Commonwealth v. Chester**, 895 A.2d 520 (Pa. 2006). To be timely filed, a PCRA petition, including second and subsequent petitions, must be filed within one year of the date a petitioner's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The PCRA's jurisdictional time restriction is constitutionally sound. **Commonwealth v. Cruz**, 852 A.2d 287, 292 (Pa. 2004).

Here, as discussed *supra*, Appellant filed a direct appeal *nunc pro tunc* on July 17, 2007. Ultimately, this Court affirmed the judgment of sentence on March 31, 2009, and our Supreme Court denied allowance of appeal on October 15, 2009. **Toby**, 974 A.2d at 1193, *appeal denied*, 982 A.2d at 65. As such, Appellant's judgment of sentence became final on January 13, 2010, upon expiration of the time for seeking discretionary review with the Supreme Court of the United States. U.S. Sup. Ct. R. 13(1) (stating, "A petition for a *writ* of *certiorari* seeking review of a judgment of a lower state court that is

subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."); *see also* 42 Pa.C.S.A. § 9545(b)(3)(stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"). Therefore, Appellant's *pro se* PCRA petition filed on February 23, 2022, more than 12 years after his judgment of sentence became final, is patently untimely.

If a PCRA petition is untimely filed, the jurisdictional time-bar can only be overcome if the petitioner alleges and proves one of the three statutory exceptions, as set forth in 42 Pa.C.S.A. § 9545(b)(1). **Commonwealth v. Spotz**, 171 A.3d 675, 678 (Pa. 2017). The three narrow statutory exceptions to the one-year time-bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly[-]discovered facts; and (3) an after-recognized constitutional right." **Commonwealth v. Brandon**, 51 A.3d 231, 233-234 (Pa. Super. 2012), *citing* 42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petition invoking an exception to the jurisdictional time-bar must be filed within one year of the date that the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). If a petitioner fails to invoke a valid exception to the PCRA time-bar, courts are without jurisdiction to review the petition and provide relief. **Spotz**, 171 A.3d at 676.

- 10 -

Here, in denying Appellant's petition, the PCRA court held that "[Appellant raised] issues based on [claims of] ineffective assistance of counsel and [an] unlawful sentence. [Appellant] failed to show the existence of any exception to the time[-]bar[.]" PCRA Court Opinion, 9/20/22, at 6 (record citation omitted). Upon review, we concur with the PCRA court, and the record supports, that Appellant failed to set forth allegations in support of one of the three exceptions enumerated in Section 9545(b)(1). **Reid**, 235 A.3d at 1144 (reiterating that, "[t]he PCRA petitioner bears the burden of proving the applicability of one of the exceptions"); **see also** Appellant's *Pro Se* PCRA Petition, 2/23/22; Appellant's *Pro Se* Response to Rule 907 Notice, 5/11/22. Therefore, we discern no error or abuse of discretion in the PCRA court's dismissal of Appellant's *pro se* PCRA petition as untimely and without exception to the jurisdiction time-bar. Consequently, the PCRA court lacked jurisdiction to review Appellant's PCRA petition, and we may not review the substance of the petition on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/08/2023

- 11 -