J-A28043-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES F. HOLMES | : | |
| | : | |
| Appellant | : | No. 234 MDA 2025 |

Appeal from the PCRA Order Entered January 13, 2025
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0002155-2015

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY LANE, J.:        **FILED: JANUARY 21, 2026**

James F. Holmes ("Holmes") appeals *pro se* from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

Based on our disposition, a detailed recitation of the facts is not necessary. Briefly, in 2014, Holmes, using the alias of Craig James, sent M.H. multiple Facebook messages referencing inappropriate sexual acts with M.H.'s one-month-old daughter, of whom she had recently posted pictures on her Facebook profile. M.H. reported these graphic and obscene messages to police, who subsequently enlisted her as an informant to uncover Holmes' true identity, as they believed he was attempting to solicit sexual activity with children. In conducting their investigation, police continued communications

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

with Holmes, on M.H.'s behalf, for approximately one month before they were able to arrange for M.H. and her infant daughter to travel by bus to visit with Holmes. When making these arrangements, Holmes "was pretty insistent that [M.H.] bring" her daughter with her, and in a later telephone conversation between him and M.H. regarding the upcoming visit, he asked if he could adopt M.H.'s daughter if M.H. decided not to live with him. N.T., 6/1/17, at 97, 100. On the day of the scheduled visit, police accompanied M.H., who was carrying a doll that looked like a baby, on the bus ride to the meetup location. Upon arrival at the bus station, Holmes identified himself to M.H. by approaching her as she exited the bus, grabbing her arm, and saying to her, "let's go [M.H.]" *Id*. at 103. Police then placed Holmes under arrest, seized his cell phone, and charged him with numerous offenses. Police later executed a search warrant on Holmes' cell phone which revealed the graphic and obscene messages that he sent to M.H.

The matter proceeded to a jury trial, at the conclusion of which a jury found Holmes guilty of six counts of criminal solicitation (to commit involuntary deviate sexual intercourse with a child, sexual assault, sexual exploitation of children, aggravated indecent assault of a child, sexual abuse of children, and indecent assault of a person less than 13 years of age), as well as one count each of trafficking in minors, and criminal use of a communication facility. For these crimes, the trial court imposed an aggregate sentence of thirteen to twenty-six years' imprisonment, followed by one year

of probation. This Court thereafter affirmed Holmes' judgment of sentence, and on February 12, 2020, our Supreme Court denied his petition for allowance of appeal. ***See Commonwealth v. Holmes***, 220 A.3d 657 (Pa. Super. 2019) (unpublished memorandum), *appeal denied*, 224 A.3d 1266 (Pa. 2020).

On June 15, 2020, Holmes filed a *pro se* petition for *habeas corpus* relief which the lower court treated as a PCRA petition. The PCRA court appointed counsel, Trisha Jasper, Esquire ("Attorney Jasper"), who subsequently sought leave to withdraw the *pro se* petition. The PCRA court granted the motion so that Holmes could later "file a more comprehensive PCRA [petition] that raise[d] all of his issues." Order, 10/29/20, at 6.

On February 16, 2021, Holmes filed another *pro se* PCRA petition. The PCRA court reappointed Attorney Jasper, who in-turn filed a motion to withdraw from representation, as well as a ***Turner/Finley*** "no merit" letter.[2] Following a hearing on the motion, the PCRA court granted counsel leave to withdraw and dismissed Holmes' PCRA petition. Holmes filed a timely notice of appeal. Notably, during this appeal, Holmes filed a motion in this Court in which he: (1) generally explained that he had been unsuccessful in obtaining documents pertaining to his case from both the district attorney's office and his prior counsel; and (2) requested that this Court directly send him various

---

[2] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***see also Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1998) (*en banc*).

search warrants and affidavits, as well as the warrant for his arrest. *See* Application for Relief, 6/22/22, at 1-2. This Court then issued an order remanding the matter back to the PCRA court with the instruction that it "shall determine which transcripts and documents are necessary for [the] preparation of [Holmes'] appeal in this matter and provide a copy of the same to" Holmes. Order, 6/27/22, at unnumbered 1.

In response to this order, the PCRA court determined that because it appeared that Holmes was not "seeking any transcripts of court proceedings, but rather documents such as search warrants and arrest warrants that would have been exchanged through discovery[,]" which the court opined it lacked the authority to obtain, it would defer Holmes' request for these documents to Attorney Jasper so that she could use her discretion "to determine what, if anything, must be provided to" Holmes. Opinion and Order, 7/19/22, at 1.[3] In doing so, the PCRA court instructed Attorney Jasper to file an affidavit in this Court proving her compliance with the order by listing the items that she provided to Holmes, as well as the date that she provided them. *See id*. at 2.

---

[3] The PCRA court explained that, in attempting to comply with this Court's directive, it "consult[ed] with assistant district Attorney Martin Wade, Esquire," who thereafter supplied the court with copies of certain warrants that Holmes had specifically requested. PCRA Court Opinion, 9/27/22, at 1. The PCRA court further explained that "the Commonwealth indicated . . . these warrants would have been included in [Holmes' trial] counsel's discovery files[.]" *Id*.

- 4 -

In an ensuing affidavit filed in this Court, Attorney Jasper stated that: (1) in lieu of providing a list of the documents that she sent to Holmes in compliance with the order, she instead opted to send him his "entire file, which comprised of two entire bankers box[es that were] full, in order to provide [him] with each and every document in her possession[;]" and (2) "[t]he file included any and all discovery provided to [her] by" Holmes' counsel at trial. Response to Order, 9/6/22, at unnumbered 1-2. This Court ultimately affirmed the PCRA court's dismissal order,[4] and on May 14, 2024, our Supreme Court denied Holmes' petition for allowance of appeal. *See Commonwealth v. Holmes*, 299 A.3d 880 (Pa. Super. 2023) (unpublished memorandum), *appeal denied*, 318 A.3d 381 (Pa. 2024). Holmes did not seek further review by the United States Supreme Court.

On June 17, 2024, Holmes filed the underlying *pro se* PCRA petition, his second. Therein, Holmes acknowledged that his petition was untimely, but asserted that he satisfied the newly-discovered fact exception to the PCRA's timeliness requirements, as he only recently obtained certain pretrial documents regarding his case from Attorney Jasper. Holmes further asserted that these newly-obtained documents established, *inter alia*, that: (1) there

---

[4] In doing so, this Court determined that several of Holmes' issues were previously litigated or waived insofar as they were or could have been raised in his direct appeal, and that Holmes' numerous claims regarding the ineffectiveness of trial counsel, direct appeal counsel, and PCRA counsel were meritless. *See Holmes*, 299 A.3d 880 (unpublished memorandum).

were numerous instances of unconstitutional conduct by police during their criminal investigation; (2) the Commonwealth withheld exculpatory and material evidence in violation of **Brady v. Maryland**, 373 U.S. 83 (1963); and (3) each of his previous counsel was ineffective.[5] On January 13, 2025, the PCRA court entered an order dismissing Holmes' petition. Notably, the PCRA court did not preempt this dismissal order by filing a notice of its intent to dismiss the petition without an evidentiary hearing, as required by Pa.R.Crim.P. 907. Holmes simultaneously filed a timely notice of appeal and a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[6] The PCRA court thereafter authored a Rule 1925(a) opinion.

_____

[5] Holmes also filed an amended PCRA petition, as well as two motions to amend his PCRA petition. However, because the PCRA court did not grant Holmes leave to file an amended petition, we need not consider any of the arguments that he raised therein. **See Commonwealth v. Porter**, 35 A.3d 4, 12 (Pa. 2012) (holding that amendments to pending PCRA petitions are not self-authorizing and PCRA petitions cannot be amended simply by filing a supplemental pleading; rather, amendments are permitted only by the direction or leave of the PCRA court).

[6] Holmes filed the instant notice of appeal on February 18, 2025, more than thirty days after the PCRA court's January 13, 2025 dismissal order. **See** Pa.R.A.P. 903(a) (instructing that a notice of appeal "shall be filed within [thirty] days after the entry of the order from which the appeal is taken"). However, we note that: (1) the docket indicates that the trial court did not serve Holmes with the dismissal order until January 14, 2025; and (2) Holmes attached an envelope to his notice of appeal postmarked February 13, 2024, the thirtieth day following the documented service date. Consequently, because we treat the dismissal order's January 14, 2025 service date as the start date for purposes of calculating the thirty-day appeal period, and because the prisoner-mailbox rule dictates that Holmes filed his appeal thirty days later, on February 13, 2025, we treat the appeal as timely. **See** Pa.R.A.P.
*(Footnote Continued Next Page)*

- 6 -

Holmes raises the following issues for our review:

1. Did the PCRA court err in not reviewing the new facts and evidence obtained by [Holmes] after his first PCRA petition and allowing [him] to confront his previous counsels pertaining to the ineffective assistance claims raised from the new facts in violation of due process under the Fifth and Fourteenth Amendments and right to effective counsel under the Sixth Amendment of the Constitution of the United States?

2. Did the PCRA court err in not reviewing the new facts and evidence obtained by [Holmes] after his first PCRA petition in order to consider the merits of the remaining issues and claims brought forth in [his] second PCRA filing and preserved in [his] Rule 1925(b) statement resulting in violations of numerous rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments?

3. Did the PCRA court abuse its discretion and demonstrate apparent bias by first inviting an *ex parte* meeting with the prosecution and, second, failing to correct its order by not holding a **Brady** hearing as requested in [Holmes'] second PCRA petition in violation of due process and an unbiased judiciary under the Fourteenth Amendment of the Constitution of the United States?

4. Did the PCRA court abuse its discretion by not filing a . . . Rule 907(1) notice to dismiss and to rule dismissal without reply by the state in violation of due process under the Fifth and Fourteenth Amendment, and an unbiased judiciary under the Article III and the Fourteenth Amendment of the Constitution of the United States?

---

108(a)(1) (stating that "in computing any period of time under these rules involving the date of entry of an order by a court or other government unit, the day of entry shall be the day the clerk of the court or the government unit mails or delivers copies of the order to the parties"); **see also Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011) (explaining that pursuant to the prisoner-mailbox rule, a *pro se* appeal by a prisoner is deemed filed on the date he delivers the appeal to prison authorities for mailing, even if the appeal is received after the deadline for an appeal).

Holmes' Brief at vi-vii (issues reordered, unnecessary italics and capitalization omitted).[7]

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

---

[7] We note with disapproval that Holmes' brief does not conform to our appellate rules of procedure. Pursuant to Pa.R.A.P. 2116(a), "[t]he statement of the questions involved must state concisely the issues to be resolved[,]" and "[e]ach question shall be followed by an answer stating simply whether the court . . . agreed, disagreed, or did not answer, or did not address the question." The rule further provides that "***No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby***." ***Id***. (emphasis added). Here, in his statement of questions involved, Holmes raised the above-identified **four** issues absent any indication as to whether/how the PCRA court ruled on them. **See** Holmes' Brief at vi-vii. Additionally, we note that in his discussion section, Holmes instead identified **five** issues, with his fifth such issue purporting to consolidate five more issues that he listed in his concise statement, as he acknowledges that their separate inclusion would have exceeded his brief's thirty-page limit. **See id**. at 24; **see also** Pa.R.A.P. 2135(a)(1) (generally limiting a party brief to 14,000 words or thirty pages). Accordingly, pursuant to our well-established appellate rules, we decline to address any additional issues that Holmes failed to adequately raise in the statement of questions involved, as reproduced above. **See** Pa.R.A.P. 2116(a).

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any petition, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at the expiration of time for seeking such review. *See* 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, because Holmes did not petition the United States Supreme Court for further review following our Supreme Court's February 12, 2020 order denying allowance of appeal, his judgment of sentence became final ninety days later, on May 12, 2020. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also* U.S.Sup.Ct.R. 13 (providing that a petition for writ of certiorari in the United States Supreme Court must be filed within ninety days). Thus, Holmes had one year from this date, until May 12, 2021, to timely file the instant petition. As Holmes instead filed the instant second petition on June 16, 2024, however, it is facially untimely.

Nevertheless, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of three exceptions

set forth under section 9545(b)(1). Relevantly, any petition attempting to invoke one of these exceptions "shall be filed within one year of the date the claim could have been presented[.]" Additionally, our Supreme Court has emphasized that "it is the petitioner who bears the burden to allege and prove" the applicability of any such exception. 42 Pa.C.S.A. § 9545(b)(2); *see also Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008) (citation omitted).

One of these statutory exceptions, the newly-discovered fact exception, excuses the untimeliness of a petition where the petition alleges, and the petitioner proves, that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii). The due diligence inquiry required by section 9545(b)(1)(ii) is fact-sensitive and dependent upon the circumstances presented. *See Commonwealth v. Burton*, 121 A.3d 1063, 1070 (Pa. Super. 2015) (*en banc*). Pertinently, "due diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." *Id*. at 1071. The rule that a petitioner must explain why he could not have learned the new facts earlier with the exercise of due diligence is strictly enforced. *See Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015).

In his brief, Holmes acknowledges that his petition is untimely. However, Holmes argues that the newly-discovered fact exception applies to his petition given that he "came into possession of material containing facts not previously known to him [following] a court order compelling [Attorney Jasper] to turn over all attorney/client files."  Holmes' Brief at 18.  Holmes lists the "most significant material containing new facts" as follows:

(1)    [T]he video of [Holmes'] arrest;

(2)    [T]he Facebook (FB) IP address report;

(3)    [T]he John Doe arrest warrant and affidavit;

(4)    [T]he FB search warrant and affida[vi]t;

(5)    [T]he Comcast Communications (CC) search warrant and affidavit; and

(6)    [T]he iPhone4 search warrant and affidavit.

*Id*. at 19.

Holmes contends that the newly-discovered facts that he obtained from these files support the multiple challenges that he raised in his underlying PCRA petition.  Holmes explains that although he obtained these documents from Attorney Jasper during the appeal from the dismissal of his first PCRA petition, he argues that he could not raise them at that time, as any subsequent PCRA petition that he filed while the appeal of his first PCRA petition was pending would have been a legal nullity.  *Id*. at 20-21.  Thus, Holmes avers that the first opportunity that he could raise the instant newly-discovered fact exception was following the resolution of the appeal of his first

PCRA petition, and that he had one year from that date to do so. Finally, Holmes argues that he could not have previously obtained the newly-discovered facts at-issue via the exercise of due diligence, as he was incarcerated following his arrest and did not have control of his case file until "after the first PCRA petition was filed with the trial court." *Id*. at 20-23.

The PCRA court observed that "the alleged after-obtained evidence was part of [Holmes'] initial discovery, indicating that the evidence was in possession of trial counsel, and available for use at trial if it was necessary for the defense of the case." PCRA Court Opinion, 4/4/25, at 19. The PCRA court continued, "[i]mportantly, here, [Attorney Jasper] obtained [Holmes'] discovery from his trial counsel, indicating that the alleged new evidence was in possession of counsel before the time for trial." *Id*. at 18. The PCRA court further noted that when Attorney Jasper provided the discovery documents, she stated via affidavit "that she delivered to [Holmes] the entire file, which comprised of two entire bankers box[es] full, in order to provide [Holmes] with each and every document [and] included any and all discovery provided" by his trial counsel. *Id*. at 18 n.6.[8]

_____

[8] We note that while the PCRA court initially set forth the requirements for satisfying the newly-discovered fact exception, the court never explicitly determined whether Holmes satisfied the requirements for this timeliness exception. *See* PCRA Court Opinion, 4/4/25, at 17. Instead, the PCRA court went on to consider Holmes' eligibility for relief based on the similarly-named theory of after-discovered evidence, as delineated in section 9543(a)(2)(vi) of the PCRA. *See id*. Importantly, the concepts of "newly-discovered facts"
*(Footnote Continued Next Page)*

After review, we conclude the PCRA court lacked jurisdiction to consider the merits of Holmes' untimely PCRA petition, as he failed to invoke any exception to the PCRA's one-year time bar. Here, we observe that Holmes solely attempted to invoke the newly-discovered fact exception within the underlying PCRA petition, and that in doing so, relied upon the multiple documents that he obtained access to following the receipt of his case file from Attorney Jasper during the pendency of his prior appeal. However, as the PCRA court aptly points out in its Rule 1925(a) opinion, the files upon which Holmes relies were documents provided to — and in the possession of — trial counsel during the pretrial discovery process. While Holmes avers that he could not have previously requested these documents via the exercise of due diligence due to the fact that he was imprisoned, this argument is not convincing.

_____

and "after-discovered evidence" are distinct, and they are employed for entirely different purposes. **See Commonwealth v. Burton**, 158 A.3d 618, 629 (Pa. 2017) (detailing the distinctions between these concepts). It is only **after** a petitioner has properly invoked the PCRA court's jurisdiction by establishing either that the petition was filed within one year of the date the judgment became final or by establishing one of the three exceptions to the PCRA's time-bar, that the PCRA court may consider whether claim is cognizable as after-discovered evidence under section 9543(a)(2)(vi). **See Commonwealth v. Cox**, 146 A.3d 221, 227-28 (Pa. 2016). Regardless, however, this error does not impact our analysis nor prevent us from making an independent determination as to whether Holmes satisfied the newly-discovered fact exception so as to invoke the PCRA court's jurisdiction. **See Ford**, 44 A.3d at 1194 (holding that this Court "may affirm a PCRA court's decision on any grounds if the record supports it").

- 13 -

We reiterate that to satisfy the due diligence requirement of the newly-discovered fact exception, Holmes needed to show that he used "reasonable efforts . . . based on the particular circumstances" to uncover the documents upon which he alleges the existence of newly-discovered facts. **Brown**, 111 A.3d at 176. Here, the Commonwealth's case against Holmes was based, in large part, on his Facebook and phone communications with M.H. Thus, Holmes would certainly have been aware of the search warrants issued to permit access to his Facebook account, his cell phone, his communications with M.H., and reports related thereto. While we acknowledge that Holmes' was imprisoned following his arrest, we emphasize that he does not provide any further explanation as to how this imprisonment prevented him from gaining access to these documents via his trial counsel. Indeed, Holmes did not indicate that he ever asked his trial counsel for access to, or copies of, these documents prior to his 2017 jury trial, nor did he provide any explanation as to why trial counsel could not have satisfied such a request by: (1) reviewing the discovery materials with him in-person; or (2) providing him with copies of these documents for his individual review. **See Commonwealth v. Medina**, 92 A.3d 1210, 1216 (Pa. Super. 2014) (*en banc*) (providing that due diligence demands that the petitioner take reasonable efforts to protect his own interests and explain why he could not have learned the new facts earlier despite such efforts); **see also Commonwealth v. Sanchez**, 204 A.3d 524, 527 (Pa. Super. 2019) (concluding the petitioner

failed to show due diligence where he did not explain how the facts "could not have been ascertained sooner by the exercise of due diligence"). Thus, because we determine that Holmes failed to satisfy the due diligence requirement of the newly-discovered fact exception, to the extent that it appears that he could have requested review of these documents prior to his 2017 jury trial and brought this claim within one year of said review, we conclude that he failed to overcome the untimeliness of his petition. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii), (b)(2). Consequently, the PCRA court lacked jurisdiction to consider the merits of any of the claims raised therein. **See Albrecht**, 994 A.2d at 1093.[9, 10]

_____

[9] We note that one of the claims raised by Holmes was that Attorney Jasper was ineffective for failing to itemize the documents that she forwarded to him during his appeal from the dismissal of his first PCRA petition. However, even if Holmes had satisfied a timeliness exception herein, such a claim would be meritless because Attorney Jasper was no longer serving as his counsel of record. Moreover, even if she were still acting as his counsel, Holmes would have been required to raise any such ineffectiveness claim while the prior appeal was pending. **See Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021) (holding that, in relation to a first PCRA petition, "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting _pro se_, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal").

[10] Additionally, in his appellate brief, Holmes purports to argue that the PCRA court abused its discretion during the appeal from the dismissal of his first PCRA petition by improperly conducting an _ex parte_ meeting with the prosecution. In doing so, Holmes appears to take issue with the PCRA court's attempt to comply with this Court's remand order, which directed it to obtain and deliver to Holmes the documents and case materials necessary to assist him in his appeal. We observe, however, that even if Holmes had been able to satisfy a timeliness exception in relation to the underlying PCRA petition,
_(Footnote Continued Next Page)_

In his third issue, Holmes alleges, *inter alia*, that the PCRA court abused its discretion by dismissing his petition as untimely filed without first conducting an evidentiary hearing to ascertain the veracity of his claims. ***See*** Holmes' Brief at 13-17. Generally, "a PCRA court must hold a hearing when a PCRA petition raises any material issue of fact." ***Marshall***, 947 A.2d at 723 (citation omitted). However, where an "[a]ppellant's [PCRA] petition was untimely, and . . . the PCRA court properly determined that it had no jurisdiction to entertain it[,]" our Supreme Court has explained that the PCRA court must instead dismiss the petition without an evidentiary hearing. ***Id***.

Here, because we determine that Holmes' second PCRA petition was untimely filed without satisfying any exception to the PCRA's one-year time bar, neither this Court nor the PCRA court had jurisdiction to address its merits. ***See Albrecht***, 994 A.2d at 1093 (stating a court may not address the merits of the issues raised in an untimely filed PCRA petition). Consequently, because the PCRA court lacked jurisdiction to consider the merits of, or conduct an evidentiary hearing in relation to, the underlying PCRA petition, Holmes' third issue is without merit. ***See Marshall***, 947 A.2d at 723.

---

we would nevertheless hold that this issue is waived, as our review of his petition discloses no reference to any such argument, which he instead raises for the first time on appeal. ***See*** Pa.R.A.P. 302(a) (stating "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

In his final issue, Holmes asserts that the PCRA court improperly dismissed his petition without first providing him with a notice of its intent to do so pursuant to Rule 907. Relevantly, Rule 907 provides as follows:

> Except as provided in Rule 909 for death penalty cases, (1) the judge shall promptly review the [PCRA] petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within [twenty] days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907(1).

Generally, this Court has instructed that Rule 907 notice is mandatory, and that it is especially "required when the PCRA court dismisses [a PCRA] petition without an evidentiary hearing[.]" *Commonwealth v. Vo*, 235 A.3d 365, 371-72 (Pa. Super. 2020) (citations and quotation marks omitted). However, as a narrow exception to this general rule, our appellate courts have held that where a PCRA petition is untimely and does not meet any of the PCRA's enumerated timeliness exceptions, a PCRA court's failure to issue Rule 907 notice does not constitute reversible error entitling a petitioner to relief. *See Commonwealth v. Lawson*, 90 A.3d 1, 5 (Pa. Super. 2014).

Here, because we determined *supra* that Holmes' PCRA petition is untimely without meeting any of the PCRA's enumerated timeliness

- 17 -

exceptions, we conclude that the PCRA court's instant failure to issue a Rule 907 notice does not constitute reversible error for which we must grant Holmes relief. *See id*. Thus, we hold that Holmes' final issue is without merit, and we affirm the PCRA court's order dismissing his untimely second PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 01/21/2026